Bergas, J.
On affidavits showing inferences and not facts, the People obtained judicial orders permitting eavesdropping on telephones. All three defendants have been convicted of conspiracy as a felony under section 580-a of the Penal Law in its reference to narcotic drugs, based on 55 specified overt acts.
A substantial part of the overt acts which themselves made out the crime of conspiracy consisted of the telephone conversations intercepted pursuant to the court orders. Two of the defendants, McCall and Corley, were also found guilty of possessing a narcotic drug as a felony and the telephone interceptions played an important part in these convictions.
When, on the return of the indictment, it became clear from its allegations that many of the overt acts constituting the crime of conspiracy were acts consisting of telephone conversations, two of the defendants moved in the Onondaga County Court where the indictment was pending to inspect u any orders for eavesdropping ” and the supporting affidayits. Two of the three orders for interception had been made by a Justice of the Supreme Court in Westchester County and one by a Justice in Onondaga County.
*155 The motion for inspection was denied by the County Judge on the ground the orders for eavesdropping are not public records. He indicated that defendants should make their motion on the trial. In the course of trial the People offered the orders in evidence; and for the first time counsel for the defendants were able to examine the orders and the underlying affidavits on which they were based. They objected to their reception and to the reception in evidence of the evidence obtained by eavesdropping.
The trial court declined to pass on the merits of the purported insufficiency of the underlying affidavits on the ground that ‘ ‘ I assume the judge who issued the order was satisfied from the affidavit * * * that the order should be issued, and I don’t feel that I can pass upon a discretionary order that was made by another judge, a supreme court judge. ’ ’
There is thus brought up on this appeal a significant procedural problem in the New York practice as to where and when a person whose private telephone conversations have been intercepted under judicial sanction can show that the factual basis for an eavesdropping order has been insufficient. Section 813-a of the Code of Criminal Procedure requires that the Justice or Judge who grants the order must be satisfied on oath or affirmation that there is reasonable ground to believe that evidence of crime may be obtained through eavesdropping.
The preferable way is to apply to vacate the order to the Judge who made it. But if the existence of the order or the identity of the Judge is unknown until the trial actually starts, and counsel then for the first time are able to examine the underlying affidavits, it is either too late or impracticable to apply for relief to the Judge who granted the order. In this case the office of the Judge who signed two of the orders was nearly 300 miles away from the place where the trial was going on.
A person whose private telephone communication has been cut into by warrant of public authority and who is prosecuted criminally on the basis of what is disclosed, at some stage of the prosecution when relief will be effective, ought to have access to the ear of a Judge who can do something about it, if the order has been allowed on an insufficient ground.
There is, of course, a normal reluctance in one Judge to overrule another. The problem here is very similar to that raised *156 by motion in County Court to vacate the- search warrant which had been issued by a Supreme Court Justice in People v. Politano (13 N Y 2d 852).
The County Judge there felt that it would be ‘ ‘ presumptuous ” of him to hear such a motion (see 17 A D 2d 503, 509). But on appeal, the judgment of conviction was itself reversed because the affidavit on which the search warrant had been based failed to show facts which would justify its issuance (17 A D 2d, p. 505). Thus, as a matter of procedural necessity the Trial Judge may have to rule on the question.
The public policy which on one hand ought to protect the preprosecution secrecy of a well-grounded order for eavesdropping, and on the other afford a citizen effective means to test out an insufficiently grounded order, is possessed of some inherent perplexities. The search of a house is known at once, but eavesdropping may not become apparent until a trial is actually under way.
For one thing, an order for eavesdropping made by a judicial officer with power to make it is not usually to be regarded as such an ‘1 unlawful ’ ’ act of eavesdropping as to come literally within section 813-c of the Code of Criminal Procedure, dealing with unlawful searches and seizures. Thus some other form of relief ought to be made available.
The Appellate Division in People v. Cohen (24 A D 2d 900) seems to have accepted the procedural validity of an application made to one Judge to suppress eavesdropping evidence obtained under an order granted by another Judge on the ground of the insufficiency of the papers on which the order was made (42 Misc 2d 403; cf. 41 Misc 2d 158), although on the merits the Appellate Division modified on finding the papers sufficient. A similar procedural route was followed in People v. Gold (46 Misc 2d 495) where the evidence was suppressed on finding the affidavit underlying the order granted by another Judge to he insufficient.
This court dealt with one aspect of the procedural problem in Siegel v. People (16 N Y 2d 330) when, by vacating its prior order allowing an appeal, it declined to interfere with the affirmative exercise of jurisdiction by the Appellate Division (21 A D 2d 755) to inquire broadly into eavesdropping whether pursuant to judicial order or otherwise, on application of a person claiming to be aggrieved but not the subject of criminal *157 prosecution. And, of course, the procedural path in dealing with searches and seizures under search warrants insufficiently grounded is rather clearly laid out (People v. Fino, 14 N Y 2d 160; People v. Alfinito, 16 N Y 2d 181).
By procedural analogy, then, if an accused is unaware of the eavesdropping order or insufficiently advised about it before trial, he may move to suppress or raise appropriate objection on the trial and the question is saved for review on appeal from the judgment.
It is open to some doubt whether the statutory remedy afforded by section 813-c of the Code of Criminal Procedure, dealing with “ unlawful ” searches and seizures, should apply to eavesdropping under the aegis of an order of a Judge who has power to make it. The section seems to have no literal application.
“ Suppression ” is not a fully effective way to deal with testimony which will come in narrative form. This may require rulings of evidentiary exclusion. The normal way to proceed in the situation presented by this record would be to decline to receive the evidence obtained by eavesdropping. (Cf. CPLB 4506.)
The People on this appeal do not undertake to justify the sufficiency of the affidavits supporting the orders but merely rest upon the argument that under People v. Binan (11 N Y 2d 350) there is no constitutional infirmity in judicially approved eavesdropping as such; but this, of course, is not an answer to the specific issue raised on the appeal.
The affidavits on which the telephone interception orders in the case before us were based are quite barren of any tangible thing on which the Judge exercising a discretion could act. Two of them merely state the conclusion of the District Attorney that “ Information received from persons of known reliability ” reveals that a described telephone is being used by persons for illicit traffic in narcotic drugs. What was “ revealed ” is not stated either as a fact or even in substance.
And although the name of the “ person of known reliability ” need not necessarily be disclosed, some factual statement of the affiant’s experience with his reliability and some factual showing of what he “ revealed ” are basic requirements. In People v. Marshall (13 N Y 2d 28) it was noted on the authority of *158 People v. Coffey (12 N Y 2d 443) and other similar decisions that the informer’s “ information was tested by independent observations ” (p. 34). Here the “ informer ” is referred to nominally, and that is all except to add the obscure descriptive term ‘ ‘ of known reliability ’ ’.
What the District Attorney is saying in his affidavits is that some indefinite person had “ revealed” some conclusion in an undisclosed form to another equally indefinite person. This tells the Judge nothing of the facts and is not enough to meet the minimum requirements of the eavesdropping statute.
The record demonstrates that the District Attorney did not appear personally before the Justice in Westchester on either application. The affidavits and proposed orders were mailed by one police officer in Oneida to another in New York City and by him presented in Westchester.
Thus the Justice had no opportunity, as section 813-a of the Code of Criminal Procedure permits him to do, to “ examine on oath the applicant and any other witness he may produce ”, in order to satisfy himself of the sufficiency of the ground for the application.
This additional supporting testimony is not mandatory if the affidavit is otherwise sufficient, but usually it would be expected that the affiant would be present for such additional examination if the Justice felt it to be indicated; and it seems clear from the direct statutory context that such examination may have an important relationship to the exercise of discretion in granting the order, for the language dealing with an examination under oath immediately precedes the words “ and shall satisfy himself of the existence ’ ’ of reasonable ground to grant the order. When an affidavit is factually insufficient the examination must be made of the affiant under oath; and when it is doubtful or indefinite it ought usually to be made. In either case the additional proof becomes part of the record basis of the order.
There are some logical analogies between an invasion of privacy to obtain physical evidence, an intrusion by electronic devices for eavesdropping, and an intrusion by interception of telephones or the mails, but they are not fully co-extensive in legal and constitutional theory, and they have a somewhat different history (cf. Aguilar v. Texas, 378 U. S. 108; Giordenello v. United States, 357 U. S. 480).
*159 The need for judicial safeguards and protection in these general areas has been emphasized in both Federal and State courts since in 1953 this court in People v. O’Keefe (306 N. Y. 619), without discussion of the problem, affirmed a 1951 judgment in which the Trial Judge had ruled the defendants could examine an order for interception but could not see the underlying affidavit. Nor in the extensive opinions which divided the Appellate Division on the appeals in that case was there any discussion of this problem (281 App. Div. 409; 280 App. Div. 546).
A refusal to permit a defendant to examine the facts upon which his privacy has been broken into amounts to saying that any search warrant or order for interception is all right if a Judge has seen fit to sign it.
Nor is the possibility that in view of Siegel v. People (supra) the citizen who is prosecuted for crime has an advantage in respect of inquiry over the citizen who is not prosecuted of real significance. Constitutional protections must not be measured by whether the man whose rights are invaded is a good citizen or a bad one; whether he is a criminal or not. The constitutional philosophy rests on the assumption that, if public authority wrongfully invades the rights of a guilty man, the protection of the innocent man against wrongful interference is also imperiled; and we have never been willing to permit ultimate judgments of this kind to be made by prosecutors or by the police.
The interception of telephone wires by police under court ■supervision, by well-founded Judges’ orders, is an effective and useful aid in law enforcement and in some types of prosecution it is, indeed, quite indispensable. But, as in the case of search warrants, there is a significant need for an adequate factual basis on which the Judge will be able to decide whether or not the order or warrant will issue. The expressions “ oath or affirmation ” and “ reasonable ground to believe ” in the eavesdropping statute (Code Grim. Pro., § 813-a) could have no other meaning. If the useful device of telephone interception is to be preserved as an instrument of the criminal law, it can best be saved, in view of our contemporary viewpoint on the right of privacy, by well-founded applications to Judges to make an informed judgment.
In People v. Pugach (16 N Y 2d 504, app. dsmd. Pugach v. New York, 383 U. S. 575) the eavesdropping by police based on *160 a judicial order and affidavit rather similar to that in the present case played a small part in an overwhelmingly strong record which contained many other similar admissions made by the defendant.
Here, substantial parts of the felony of conspiracy itself consisted of the intercepted conversations, so that eavesdropping evidence forms the very core of the case. In Pugach, too, it did not appear conclusively that the affiant did not supplement the affidavit in the application before the Judge.
The affidavit made by a police inspector in support of the third order is equally indefinite. In the case of this order, too, the record discloses that the police inspector who made the affidavit did not appear before the Justice in Onondaga County who granted the application, but it was presented to the Justice by another police officer. Besides the generalization observed in the other affidavits, it adds thati ‘ An analysis of calls made to and from ” the telephone sought to be intercepted “indicates that this telephone is being used in illicit narcotic drug trafficking ”. Who made the “ analysis ”, or what was its basis, or how it was made, or what the facts disclosed were, are not stated.
These bare affidavits supporting the three orders are, therefore, insufficient and the evidence thus obtained should have been excluded (People v. Fino, supra; People v. Shafer, 19 A D 2d 849).
The other questions raised by appellants either would not require a new trial or the problem would not recur on a new trial. We note that there has been undue delay in the prosecution of the appeal and the sentences imposed in 1961 would by this time have been substantially served.
The judgments of conviction should be reversed and a new trial ordered.