## KAISER *v.* NEW YORK.

No. 62. Argued January 16, 1969.—Decided March 24, 1969.

*Henry J. Boitel, pro hac vice,* and *Peter L. F. Sabbatino* argued the cause and filed briefs for petitioner.

*William Cahn* argued the cause for respondent. With him on the briefs was *George Danzig Levine.*

MR. JUSTICE STEWART delivered the opinion of the Court.

The petitioner was convicted in a New York trial court in 1966 on three counts of conspiracy to extort, attempted extortion, and coercion. The case for the prosecution rested principally on the content of two telephone conversations between the petitioner and one of his coconspirators. Tapes and transcripts of those conversations were introduced at the trial over the petitioner's objection that they had been obtained by an unlawful

wiretap. The conviction was affirmed by the Appellate Division of the Supreme Court of New York[1] and by the New York Court of Appeals.[2] We granted certiorari.[3]

The telephone calls in question were made in 1964 by the petitioner from outside New York City to a co-conspirator at a bar in Manhattan. The conversations were recorded by means of a device attached to wires of the central terminal box in the basement of the building in which the bar was located. This wiretapping was conducted pursuant to a warrant issued under N. Y. Code Crim. Proc. § 813–a, the statute with which this Court subsequently dealt in *Berger* v. *New York,* 388 U. S. 41, in reversing a conviction under the Fourth and Fourteenth Amendments.

The petitioner contends that the Fourth and Fourteenth Amendments as construed in *Berger,* as well as § 605 of the Federal Communications Act,[4] prohibited the introduction of the intercepted conversations and therefore require reversal of his conviction. For the reasons stated below, we reject these contentions and affirm the judgment of the New York Court of Appeals.[5]

---

[1] 28 App. Div. 2d 647, 282 N. Y. S. 2d 207.

[2] 21 N. Y. 2d 86, 233 N. E. 2d 818.

[3] 390 U. S. 1023.

[4] Section 605, 48 Stat. 1103, 47 U. S. C. § 605, reads in pertinent part as follows:

"[N]o person not being authorized by the sender shall intercept any communication and divulge . . . the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person . . . ."

[5] The petitioner also contends that the prosecutor's references to the recorded conversations as "confessions" were so inaccurate and misleading as to deny him due process. We do not believe that that characterization of the evidence raises any substantial federal question. The jury was aware that the prosecutor was adverting to the overheard conversations and knew the circumstances under which the incriminating statements had been made. In contrast to the

Not until last Term in *Katz* v. *United States,* 389 U. S. 347, did this Court overrule its prior decisions that the Fourth Amendment encompassed seizures of speech only if the law enforcement officers committed a trespass or at least physically invaded a constitutionally protected area of the speaker.[6] *Olmstead* v. *United States,* 277 U. S. 438, explicitly held that wiretapping conducted without such an intrusion was not an unlawful search or seizure. That rule was not modified by *Berger* v. *New York.* The Court's discussion of *Olmstead* in *Berger,* while recognizing that other cases had negated the statements in *Olmstead* that conversations are never protected by the Fourth Amendment, cast no doubt upon "[t]he basis of the [*Olmstead*] decision"—"that the Constitution did not forbid the obtaining of evidence by wiretapping unless it involved actual unlawful entry into the house."[7] Furthermore, the Court in *Berger* found the overbreadth of N. Y. Code Crim. Proc. § 813–a repugnant to the Fourth Amendment only to the limited extent that it permitted a "trespassory intrusion into a constitutionally protected area."[8]

*Olmstead,* then, stated the controlling interpretation of the Fourth Amendment with respect to wiretapping until it was overruled by *Katz.* And in *Desist* v. *United States, ante,* p. 244, we have held today that *Katz* is to be applied wholly prospectively. Since the wiretapping in this case occurred before *Katz* was decided and was accomplished without any intrusion into a constitutionally protected area of the petitioner, its fruits were not inadmissible under the exclusionary rule of the Fourth

situation in *Miller* v. *Pate,* 386 U. S. 1, there was here no misrepresentation about evidence which the jurors were not themselves in a position to evaluate.

[6] See *Desist* v. *United States, ante,* at 247–248.

[7] 388 U. S., at 51.

[8] *Id.,* at 44. See also *id.,* at 43, 57, 60, 64, 69.

and Fourteenth Amendments. *Mapp* v. *Ohio,* 367 U. S. 643.

Nor did § 605 of the Federal Communications Act require exclusion of the intercepted conversations. Until our decision last Term in *Lee* v. *Florida,* 392 U. S. 378, state trial courts were free to accept evidence violative of § 605.[9] *Lee* extended the *Nardone*[10] exclusionary rule of § 605 to the States, but that decision has also been held to apply only prospectively. *Fuller* v. *Alaska,* 393 U. S. 80. The wiretapping evidence was introduced at the petitioner's trial in 1966, long before the date of our decision in *Lee.*

*Affirmed.*

MR. JUSTICE BLACK concurs in the result for the reasons stated in his dissenting opinions in *Berger* v. *New York,* 388 U. S. 41, 70, and *Katz* v. *United States,* 389 U. S. 347, 364.

MR. JUSTICE DOUGLAS dissents.

[For dissenting opinion of MR. JUSTICE FORTAS, see *ante,* p. 269.]

MR. JUSTICE HARLAN, dissenting.

It is conceded that petitioner's conviction rested largely upon evidence acquired by nontrespassory wiretapping conducted pursuant to a warrant issued under N. Y. Code Crim. Proc. § 813–a. The Court affirms the conviction on the ground that today's decision in *Desist* v. *United States, ante,* p. 244, necessarily dictates that evidence

---

[9] *Schwartz* v. *Texas,* 344 U. S. 199.

[10] *Nardone* v. *United States,* 302 U. S. 379, holding that evidence seized in violation of § 605 by federal officers was not admissible in federal criminal trials. See also *Benanti* v. *United States,* 355 U. S. 96, holding that such evidence seized by state officers must also be excluded from federal trials.

obtained by an illegal, nontrespassory wiretap will be inadmissible only if the tapping occurred after the date of the decision in *Katz* v. *United States,* 389 U. S. 347 (1967). The wiretapping in this case took place prior to *Katz.* However, the case is here on direct review, and for the reasons stated in Part I of my dissenting opinion in *Desist, supra,* at 258–259, I would hold that petitioner is entitled to benefit from the *Katz* rule.

It is therefore necessary for me to consider whether petitioner's federal constitutional rights were violated by the wiretapping. Were I free to do so, I would decide this issue by inquiring whether, on the facts of this particular case and in light of New York decisions construing § 813–a, the wiretapping was valid under the Warrants Clause of the Fourth Amendment. See *Ker* v. *California,* 374 U. S. 23, 30–34 (1963); see also *Mapp* v. *Ohio,* 367 U. S. 643 (1961). However, I believe that this approach is foreclosed by this Court's decision in *Berger* v. *New York,* 388 U. S. 41 (1967). In *Berger,* the Court held that a "bugging" pursuant to a § 813–a warrant violated the petitioner's Fourth Amendment rights because on its face the statute did not contain constitutionally required safeguards. It is true that the "bugging" in *Berger* involved a trespass and that the Court did not reach the question whether *Olmstead* should be overruled. But the holding that § 813–a was to be considered on its face rather than as applied depended in no way upon the fact of physical intrusion. The warrant procedure prescribed in § 813–a applies equally to "bugging" and to wiretapping. Hence, the Court's "on its face" approach would seem necessarily to embrace § 813–a wiretapping.

I dissented from the "on its face" approach adopted in *Berger.* See 388 U. S., at 89 *et seq.* I continue to disagree with that approach. Yet I think that *Berger* must be taken as having decided that a warrant issued

pursuant to the version of § 813–a then in effect could not possibly satisfy the requirements of the Fourth Amendment.*   Since I regard myself as bound by *Berger,* I am reluctantly compelled to conclude that the wiretap evidence introduced against petitioner was seized in violation of the Constitution, and that his conviction consequently cannot stand.

---

*There were no amendments to § 813–a between June 1962, the date of the "bugging" in *Berger,* and July 1964, the date of the wiretapping in this case.   Nor in my view is it necessary to decide whether *Berger* should be "retroactive."   The present case was on direct appeal in the New York courts at the time *Berger* was decided, and petitioner is therefore entitled to invoke *Berger* under the rule advanced in Part I of my dissenting opinion in *Desist.*