STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. PHILLIP PASSERO, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 28, 1969—Decided May 5, 1969.

Before Judges GOLDMANN, KOLOVSKY and CARTON.

*Mr. Ralph Conte* argued the cause for appellant.

*Mr. Matthew J. Scola,* Assistant Prosecutor, argued the cause for respondent (*Mr. Joseph P. Lordi,* Prosecutor, attorney).

PER CURIAM. The jury found defendant guilty under a three-count indictment charging bookmaking on June 1, 2 and 3, 1966 (*N. J. S.* 2A:112–3), and under a second indictment charging possession of lottery slips on June 3, 1966 (*N. J. S.* 2A:121–3). Sentence was suspended on the first two counts of the bookmaking indictment and a State Prison term of 1–2 years and a $1,000 fine imposed on the third count. A concurrent term of 1–2 years and a $1,000 fine was imposed for possession of lottery slips. Defendant appeals.

Defendant first claims that the trial judge erred in denying his pretrial motion, renewed at the trial itself, to suppress the evidence seized by the police when they raided the premises known as 2041 Ostwood Terrace, Maplewood, N. J., and arrested defendant. The first ground for this contention is that the police acted on the basis of information supplied by the New York Police Department, allegedly the result of

a wire tap that was illegal whether or not made pursuant to a court order, citing *Berger v. New York,* 388 *U. S.* 41, 87 *S. Ct.* 1873, 18 *L. Ed. 2d* 1040 (1967), as ruling the New York Wire Tap Law invalid.

Reliance is placed on *Katz v. United States,* 389 *U. S.* 347, 88 *S. Ct.* 507, 19 *L. Ed. 2d* 576 (1967), where the court held that electronic interception of a message, even one of a nontrespassing nature, violated the Fourth Amendment where the interception was carried out without a search warrant having been obtained. Defendant's argument is completely destroyed by *Desist v. United States,* 394 *U. S.* 244, 89 *S. Ct.* 1030, 22 *L. Ed. 2d* 248 (March 24, 1969), and *Kaiser v. New York,* 394 *U. S.* 280 89 *S. Ct.* 1044, 22 *L. Ed. 2d* 274 decided the same day. In those cases the United States Supreme Court held *Katz* was to be applied wholly prospectively and only when the electronic interception took place after December 18, 1967, the date *Katz* was decided. If, as defendant insists, the New York police obtained information about the use of his telephone for bookmaking and lottery operations by means of a wire tap, that happened in 1966, before *Katz* came down.

Defendant also attacks the sufficiency of the affidavits upon which the Maplewood Municipal Magistrate relied in issuing the search warrant in question because they did not contain facts or circumstances sufficient to establish probable cause. We hold that they did. See *State v. Kasabucki,* 52 *N. J.* 110 (1968).

It is next argued that the search warrant did not authorize a search beyond the territorial jurisdiction of the Maplewood Municipal Court, citing *N. J. S. 2A* :8–20 as to a municipal court's territorial jurisdiction before its amendment on June 18, 1966, some two weeks after the warrant was issued. This contention is based on the fact that the boundary line between Maplewood and Union, N. J. ran across the front porch of the Ostwood Terrace premises, and therefore the magistrate could not authorize a search of the house where the police had in fact entered through the front

steps and porch. The police did not search for or find any of the evidence objected to on the porch, but in the house itself. There is no merit in the claim now made.

 We find no substance in defendant's argument that the proofs were insufficient to establish the necessary chain of possession of the physical veidence seized, and therefore the various items taken by the police should not have been admitted in evidence. Nor do we find error in the trial judge's denial of defense counsel's motion for a mistrial because the prosecutor made an alleged improper reference to defendant's reputation and character in the course of his summation. We do not consider the comment as having that quality, but in any event the trial judge at once said that he would strike the remark and directed the jury to disregard any representation with respect to defendant's reputation and character.

██ Defendant's last point is that the sentence imposed by the assignment judge — a judge other than the one who presided at the trial — was improper because not based on information contained in the record. The reference is to the assignment judge's passing comment in the course of sentencing when he said, "But this is a syndicated, large operation * * *." We note, as did the judge, that the bookmaking was on a "pretty large scale" — $400 or $500 a day. In addition, there was more than $160 in number bets. The operation was obviously not that of a single gambler. Under the circumstances we find no error in the sentences imposed, which were well within the statutory limits.

The convictions are affirmed.