**UNITED STATES of America ex rel. Burton N. PUGACH, Petitioner-Appellant,**

v.

**Hon. Vincent R. MANCUSI, Warden, Attica State Prison, Attica, New York, Respondent-Appellee.**

**No. 505, Docket 33345.**

United States Court of Appeals Second Circuit.

Taken on Submission April 10, 1969.

Decided May 12, 1969.

Burton N. Pugach, appellant pro se, submitted brief.

Louis J. Lefkowitz, Atty. Gen. of State of New York (Samuel A. Hirshowitz, First Asst. Atty. Gen., Brenda Soloff, Asst. Atty. Gen., of counsel), submitted brief for respondent-appellee.

Before FRIENDLY, KAUFMAN and HAYS, Circuit Judges.

FRIENDLY, Circuit Judge:

Appellant Pugach, a lawyer, was indicted in 1959 by a New York grand jury for a number of crimes arising out of an alleged conspiracy whereby, using Al Smith Newkirk as an intermediary, he hired Heard Harden and Walter McMillian to maim his former girl friend, Linda Riss, by hurling lye in her face. McMillian and Newkirk pleaded guilty. Pugach and Harden stood trial and were convicted. Pugach was sentenced in 1962 for an aggregate of 15 to 30 years in prison. His conviction was affirmed by the Appellate Division, People v. Pugach, 21 A.D.2d 854, 251 N.Y. S.2d 1007 (1st Dept. 1964) and by the Court of Appeals, 16 N.Y.2d 504, 260 N. Y.S.2d 444, 208 N.E.2d 176, and the Supreme Court dismissed his appeal for want of a substantial federal question, 383 U.S. 575, 86 S.Ct. 1077, 16 L.Ed.2d 108 (1966).

Pugach has mounted an almost unparalled succession of collateral attacks on his conviction both in state and in federal courts. The number of these applications, the diffuse and repetitive manner of their presentation, and Pugach's insistence that no counsel be assigned have served to conceal any possible merit that may lie in them. His course of action also invited dismissal of federal habeas petitions, as apparently occurred here, under the rule of Terry v. Denno, 254 F.Supp. 909 (S.D.N.Y.1966), that such a petition presenting a claim concerning which state remedies had been exhausted should be dismissed if it also presented a claim or claims concerning which they had not been. We disapproved this rule subsequent to the decision below, United

States ex rel. Levy v. McMann, 394 F.2d 402 (2 Cir. 1968).

Careful study of Pugach's appeal papers reveals at least two grounds of attack which on their face are not so lacking in merit as to warrant denial without a hearing. One concerns the bugging of Pugach's law office. Ten days after the crime the police submitted to a state judge an affidavit reproduced in pertinent part in the margin.[1] Permission to install hidden microphones in Pugach's office was granted. Some four months later, the microphones picked up a conversation between Pugach and McMillian wherein Pugach allegedly admitted paying McMillian and one Joe Louis for throwing lye in Miss Riss' face. This evidence was introduced over objection. The objection was renewed without success when the Supreme Court decided Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), before the trial was over and was pressed on appeal, and there is no contention that state remedies have not been exhausted with respect to it.

Pugach claims that *Mapp* applied to the states the previous Federal law that evidence obtained by planting a bug inside a suspect's premises "without warrant and without consent" is obtained in violation of the Fourth Amendment, Silverman v. United States, 365 U.S. 505, 512, 81 S.Ct. 679, 5 L.Ed.2d 734 (1961), and that, despite Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), this rule must be applied to his case, which was still being tried when *Mapp* came down. He says that *Silverman* treated trespassory bugs as the equivalent of searches and this approach implied that judicial permission to plant a bug, which was not supported by an adequate showing of probable cause, was as invalid as a search warrant issued without such a showing would be. The argument equating trespassory bugs with searches was later sustained in Berger v. New York, 388 U.S. 41, 49–50, 54–56, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967), which struck down the very New York statute that was the source of the authority for the eavesdropping here. The Supreme Court's opinion also intimated that even an adequate showing of probable cause might not justify long continued and pervasive eavesdropping. 388 U.S. at 56–60, 87 S.Ct. 1873.

■■ Apparently not disputing that the receipt of evidence obtained by anything like the eavesdropping of Pugach's office would now be constitutionally forbidden, the State contends that the *Berger* decision was not retroactive and cites People v. Kaiser, 21 N.Y.S.2d 86, 97–98, 286 N.Y.S.2d 801, 809–811, 233, N.E.2d 818, 824–825 (1967), aff'd, 394 U.S. 280, 89 S.Ct. 1044, 22 L.Ed.2d 274 (1969), to that end. The citation is inapposite. *Kaiser* was a case of non-trespassory wiretapping, not of trespassory bugging. Wiretaps were brought under the Fourth Amendment only by Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), which overruled the contrary long-standing rule of Olmstead v. United States, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944 (1928) and has been held in consequence to apply only to wiretapping illegally conducted after December 18, 1967. Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969). Trespassory bugging is a different story. The *Berger* holding that this violated the Fourth Amendment unless supported by probable cause was a foreseeable applica-

[1] " * * * the Police Department of the City of New York is conducting an investigation into the crimes of maiming and felonious assault recently committed in Bronx County.

"Your deponent has come into possession of certain confidential information which causes him to believe that persons with knowledge of the aforesaid crimes are communicating, conversing, and discussing these crimes in Room No. 812, in premises No. 349 East 149th Street, Bronx County.

"Deponent believes that if the Police Department is allowed to overhear and/or record conversations in such room, valuable information may be obtained which would lead to the arrest of the perpetrators of the aforesaid crime."

tion of *Silverman,* and we see no reason to doubt that at least so much of *Berger* as insists on an adequate showing of probable cause is old Fourth Amendment law which *Mapp,* as explicated in *Linkletter,* makes applicable to the states in cases pending when *Mapp* was decided, as *Silverman* itself has been held to be. Clinton v. Virginia, 377 U.S. 158, 84 S. Ct. 1186, 12 L.Ed.2d 213 (1964). Whether even more of *Berger* may be retroactive, we need not now decide. Since the State does not seek to sustain the sufficiency of the affidavit, which both Judge Foley, United States ex rel. Pugach v. Herold, 212 F.Supp. 828 (N.D.N.Y.1962) and Judge Bonsal, unreported, S.D.N.Y., 67 Civ. 365, April 12, 1967, have condemned, Pugach is entitled to a hearing at which the State may show, if it can, that the judge had other sufficient information before him either when the bugging was initially authorized or on the extensions of the authority.[2] We leave open whether even if that burden is met, Pugach may still not be entitled to relief because of the duration of the bugging and the lack of particularity of the warrant. The court should also consider whether, if evidence obtained through the bugging was obtained in violation of Pugach's Fourth Amendment rights, its admission can be deemed harmless error. We note in this connection the statement of the New York Court of Appeals in People v. McCall, 17 N.Y.2d 152, 159–160, 269 N.Y.S.2d 396, 402–403, 216 N.E.2d 570, 574 (1966), that in the *Pugach* case "the eavesdropping by police based on a judicial order and affidavit rather similar to that in the present case played a small part in an overwhelmingly strong record which contained many other similar admissions made by the defendant."

A second claim that appears to warrant a hearing concerns admissions allegedly coerced by the police. Pugach claims that at the trial Alan MacGladding, an ex-convict, testified that he and Jose Monteira, another ex-convict in the "latter part of September 1959" had "conversations with members of the Police Department," as a result of which they went to Pugach's office, where they threatened to turn him in about the lye-throwing if not paid off. According to MacGladding, Pugach then denied guilt but also "turned pale, perspired in his face and he slumped all the way in his chair"—a circumstance which, standing alone, could be deemed immaterial. However, Monteira testified that the following conversation took place:

> We told him we want $10,000, no ifs and buts, we want ten thousand bucks now. So he said: "Well, I haven't got $10,000 but I have $300. We told him—I told him myself to 'shove the $300 up his ass' * * *." Then he said "Well, let's suppose that I was involved in this * * *." [3]

On October 6, 1959, the two thugs returned to Pugach's office, and he claims that they beat him up. He also claims that MacGladding testified that on October 6 Pugach said that "the only person that could hurt him was Preacher McMillian, Al Newkirk and Heard Harden."

■ While no argument was made at the trial that these remarks were the fruits of illegal coercion of petitioner, Pugach alleges he raised the point on appeal. It is clear that during the pendency of his appeal Pugach asked for a hearing with respect to this statement pursuant to Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), and this was refused. People v. Pugach, 14 N.Y.2d 976, 254 N.Y.S.2d 105, 202 N.E.2d 553 (1964). It would thus seem that state remedies were exhausted but there is still a question whether Pugach waived his objection to this evidence by not making it at the trial. The circumstances with respect

---

2. While the state tells us the affiant is dead, the judge who authorized the bugging apparently is alive.

3. Pugach's affidavit does not reproduce the rest of the conversation, and the state trial record, which is being used in one of Pugach's state *coram nobis* proceedings, is not available to us.

both to the coercion and the waiver are sufficiently in controversy that a hearing should be had.

■ Since a hearing must be had on these two claims, we think it best that it also embrace Pugach's less persuasive claims that the prosecution used testimony known to be perjured or at least failed to make available to the defense material known to cast doubt on its veracity, and, if state remedies are found to have been exhausted, his assortment of claims with respect to competency at trial and on appeal. On the other hand, the district courts need no longer concern themselves with Pugach's frivolous claim that the indictment did not adequately inform him of the charges, an issue correctly ruled against him by Judge Palmieri, not officially reported, S.D.N.Y., 68 Civ. 1842, June 17, 1968, in a decision that was not appealed.

We think the time has come—in fact that it came long ago—when Pugach's efforts to obtain federal habeas corpus should be placed in one bundle in order to avoid undue drain on the time of district judges and of this court. At the moment Pugach has at least three other habeas petitions pending in the district courts. One, before Judge Ryan in the Southern District of New York, contains the same points concerning eavesdropping, insufficiency of the indictment, and suppression of evidence, that are made on this appeal. Another, before Judge Weinfeld, also in the Southern District of New York, alleges lack of competent representation at trial. Still another petition is pending before Judge Curtin in the Western District of New York. We respectfully suggest to Chief Judge Sugarman that the two petitions now pending in the Southern District of New York and the issues here remanded for hearing be referred to a single judge. We also suggest that the Attorney General move for the transfer from the Western to the Southern District of New York of the petition pending in the former district, 28 U.S.C. § 2241(d); when so transferred, it can be assigned to the judge designated to hear the oth-er Pugach petitions in the Southern District. We also place Pugach on notice that if he has still other federal claims, these must be promptly asserted along with the ones now pending.

The order dismissing the petition is vacated and the cause remanded for further proceedings consistent with this opinion.