THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ERASMUS IANNACCONE and FREDERICK KAGAN, Respondents, et al., Defendants.—

No opinion. Rabin, P. J., Latham, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse the order dated May 26, 1970 insofar as appealed from, to reverse the order dated July 31, 1970, and to deny defendants' motions (1) to suppress evidence as to indictment No. 23,911 and (2) to dismiss said indictment, with the following memorandum: In November and December, 1966 a County Judge of Nassau County signed orders authorizing the police to tap two telephones. In April, 1967 respondents were indicted for arson on the basis of evidence obtained through these wiretaps. In 1966 and 1967 evidence obtained by such wiretaps was considered admissible in State criminal trials (*Schwartz* v. *Texas,* 344 U. S. 199). But in June, 1968 the United States Supreme Court overruled *Schwartz* and held that telephone wiretap evidence was inadmissible in a State criminal trial (*Lee* v. *Florida,* 392 U. S. 378). And in October, 1968 it ruled that *Lee* was to be given prospective application (*Fuller* v. *Alaska,* 393 U. S. 80). In 1969 respondents moved to suppress the

evidence obtained through the 1966 wiretaps; and in 1970 they moved to dismiss the indictment on the ground that the other evidence was insufficient to support the charge. The motions were granted; the wiretap evidence was suppressed and the indictment was dismissed. The People have appealed. The narrow issue on this appeal is whether the wiretap evidence is admissible since it was obtained before *Lee* (*supra*) but the trial was to be held after *Lee* was decided. In my opinion it is. It is true that in *Fuller* (*supra*) which held that *Lee* (*supra*) was not to be applied retroactively, the Supreme Court used these words: "we hold that the exclusionary rule [of *Lee*] is to be applied only to trials in which the evidence is sought to be introduced after the date of our decision in *Lee*" (p. 81). But this language must be read with that used by the same court in the later cases of *Kaiser* v. *New York* (394 U. S. 280) and *Desist* v. *United States* (394 U. S. 244).* In *Kaiser* the court said this (pp. 282–283): "Since the wiretapping in this case occurred before *Katz* was decided * * * its fruits were not inadmissible under the exclusionary rule of the Fourth and Fourteenth Amendments." And in *Desist* the majority said the following: "the convictions must * * * be reversed if *Katz* is to be applied to electronic surveillance conducted before the date of that decision. We have concluded, however, that to the extent *Katz* departed from previous holdings of this Court, it should be given wholly prospective application [p. 246]. * * * we hold that *Katz* is to be applied only to cases in which the prosecution seeks to introduce the fruits of electronic surveillance conducted after December 18, 1967" (p. 254). Pointing up the rationale of its holding of nonretroactivity, the *Desist* majority noted (p. 253) that even before the decision in *Mapp* v. *Ohio* (367 U. S. 643) the State courts knew that unreasonable searches were unconstitutional, but that before *Katz* was decided nontrespassory electronic surveillance had not been considered unconstitutional. Commenting on this last point, Justice FORTAS, dissenting, said (p. 274): "In *Kaiser* v. *New York*, the Court affirms a state conviction despite the fact that the conviction was based upon telephone conversations that the police had recorded by a wiretap * * * made pursuant to a warrant * * * on the assertion that the *Olmstead* doctrine [permitting such wiretaps] was fully viable at the time that the * * * telephone conversations were overheard." Reading *Fuller* together with *Kaiser* and *Desist*, it seems plain to me that the present rule is that wiretap evidence obtained before *Lee* was decided is admissible at a State criminal trial, even if the trial was or is to be held after the *Lee* decision. That is the situation in the case at bar and it therefore was error to suppress the wiretap evidence and dismiss the indictment because of insufficiency of the remaining evidence. Hence, the order suppressing evidence should be reversed insofar as appealed from and the order dismissing the indictment in question should be reversed and the motions for that relief denied.

---

* *Kaiser* involved nontrespassory wiretapping and a State prosecution; *Desist* involved nontrespassory bugging and a Federal prosecution; and both cases dealt with the retroactivity of the Supreme Court's recent holding in *Katz* v. *United States* (389 U. S. 347 [dec. Dec. 18, 1967]) that evidence obtained by nontrespassory eavesdropping was inadmissible, despite earlier holdings to the contrary.