**UNITED STATES ex rel. Burton N. PUGACH, Petitioner-Appellant,**

**v.**

**Hon. Vincent R. MANCUSI, Warden of Attica Prison, Attica, New York, Respondent-Appellee.**

**No. 417, Docket 34761.**

United States Court of Appeals, Second Circuit.

Submitted March 29, 1971.

Decided April 20, 1971.

Burton N. Pugach, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York (Samuel A. Hirshowitz, First Asst. Atty. Gen., Joel Lewittes, Asst. Atty. Gen., of counsel), submitted brief for respondent-appellee.

Before LUMBARD, Chief Judge, and FRIENDLY and FEINBERG, Circuit Judges.

PER CURIAM:

In United States ex rel. Pugach v. Mancusi, 411 F.2d 177 (2 Cir.), cert. denied, 396 U.S. 889, 90 S.Ct. 172, 24 L. Ed.2d 163 (1969), we considered a number of appellant Pugach's claims attacking the legality of his 1962 conviction for the maiming of Linda Riss and determined that at least two of them were not on their face "so lacking in merit as to warrant denial without a hearing." 411 F.2d at 179. Noting that Pugach had "mounted an almost unparalleled succession of collateral attacks on his conviction," some of which were pending at the time we handed down our decision, we suggested that all of his federal habeas corpus applications be consolidated for the hearing we were directing, and put Pugach on notice "that if he still has other federal claims these must be promptly asserted along with the ones now pending." 411 F.2d at 181.[1] The hearing was conducted fairly and effectively. In a thorough and well-considered opinion, Judge Pollack denied Pugach's applications, 310 F.Supp. 691, and Pugach appealed.

At the hearing below, Pugach narrowed the grounds of his attack to six: illegal eavesdropping, coerced admissions, prosecutorial misconduct, denial of the right to act as his own counsel, incompetency of trial counsel, and the admission of a co-defendant's unredacted confession. On appeal he raises several other claims, including bias on the part of the district judge. We have considered all these contentions and can add nothing useful to Judge Pollack's opinion with respect to most of them; those contentions not specifically passed on by him are without merit. We therefore limit our brief comments to the issue of coerced admissions, see 411 F.2d at

180–181, 310 F.Supp. at 708–712, and to the issue, not previously before us, of the introduction into evidence of an unredacted confession by Pugach's co-defendant, Heard Harden, one of the allegedly hired assailants, which seriously implicated him, see 310 F.Supp. at 718–721.

Pugach contends that the use in evidence of admissions he made to two former suspects acting at the instance of the police violated his Fourth and Fifth Amendment rights. We need consider only his Fifth Amendment claim. See 411 F.2d at 180–181. The facts surrounding these admissions, as the judge permissibly found, were essentially as follows: Two former convicts, at one time suspects with respect to the maiming, were enlisted by the police to elicit information concerning the case. A meeting with Pugach was arranged at his office through an acquaintance of Pugach who introduced the two as his friends. The two told Pugach of their alleged involvement in the case and indicated their awareness of his complicity therein, demanding $10,000 and threatening to tell the police all they knew if they were not paid. Pugach denied his involvement and told the men to leave his office, asserting that he would call the police, for whom the two visitors, after refusing to leave, offered to wait. Pugach then became noticeably nervous and made an offer of $300.00 under the guise of desire to avoid injurious publicity. The offer was refused, and Pugach said he would think about the matter.

A second conversation occurred in Pugach's automobile. Pugach invited one of the two men into his car and the $10,000 demand was repeated. Pugach demanded assurance that he would not be approached in the future, sought proof that the man had inculpatory information (some of which was furnished), and inquired as to the cost of having his confederates in the crime put out of the way. Testimony with respect

1. An appendix to the opinion of the district court shows that Pugach had brought five pre-conviction and twenty-six post-conviction attacks in federal and state courts.

to the above was given at trial. The district court found that the entry into the car was by Pugach's invitation and that no violence, Pugach's protests to the contrary notwithstanding, was visited upon him.

■ Judge Pollack denied on the merits the claim that the admissions elicited from Pugach during the above course of events violated his Fifth Amendment rights, without reaching the questions of waiver, through failure to object to the reception of the evidence at the trial, 411 F.2d at 180–181. The issue is whether the investigatory stratagem employed in this case, which, as the district court found, is not inconsistent with due process, cf. Hoffa v. United States, 385 U.S. 293, 310–311, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966); United States v. De Sapio, 435 F.2d 272, 281–282 (2 Cir. 1970), cert. denied, 39 U.S. L.W. 3521 (May 25, 1971), nevertheless elicited responses that were the product of coercion. Assuming the same standards to govern admissions as govern confessions, and they surely are no more rigorous, we see no basis for upsetting the district court's factual determination that Pugach's "will was not overborne by any physical or psychological coercion," 310 F.Supp. at 712. The conversations involved were of short duration; Pugach, a "highly educated, successful, resourceful, quick-minded lawyer," was in his office or car at the time he made the statements; he was subjected to no physical threats; and at no time was he under restraint or in anyone's custody.

■ Pugach's contention that the admission in evidence during trial of his co-defendant's confession—concededly inculpatory of Pugach—violated his right of confrontation, Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L. Ed.2d 476 (1968), held retroactive in Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968), is unjus-

tified on the facts of this case. Unlike the situation in Bruton, or in Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965), where there was no opportunity for effective cross-examination of the confessor, Pugach's co-defendant Heard Harden took the stand, "affirmed the statement as his," Douglas v. Alabama, *supra*, 380 U.S. at 420, 85 S.Ct. 1074, but denied its truth, asserting that it had been coerced from him by a combination of beatings, threats, and promises. He was cross-examined by Pugach's counsel. As Judge Pollack noted, 310 F.Supp. at 720,

> It is difficult to conceive of any fuller opportunity that might have been afforded petitioner to cross-examine and contradict the co-defendant's extra-judicial statements or a more favorable result that might have been obtained.

Although when Judge Pollack handed down his decision, this Circuit did "not appear to have as yet considered whether Bruton applies where the co-defendant testifies at trial," 310 F.Supp. at 721, any doubt on that score was put to rest by United States v. Bujese, 378 F. 2d 719 (2 Cir. 1967), *vacated for consideration in light of Bruton*, 392 U.S. 297, 88 S.Ct. 2064, 20 L.Ed.2d 1113 (1968), *rev'd per curiam*, 405 F.2d 888 (2 Cir. 1969) judgment of reversal rev'd and original conviction aff'd on reh'g, 434 F. 2d 46, 48 (2 Cir. 1970), where we said: "The only question is: did the defendant, whom the confession implicates, have an opportunity to confront the confessor?" Accord, Santoro v. United States, 402 F. 2d 920 (9 Cir. 1968), cert. denied, 400 U.S. 849, 91 S.Ct. 58, 27 L.Ed.2d 86 (1970); Baker v. Wainwright, 422 F.2d 145, 147–148 (5 Cir.), cert. denied, 399 U.S. 927, 90 S.Ct. 2243, 26 L.Ed.2d 794 (1970); United States v. Sims, 430 F. 2d 1089, 1091 (6 Cir. 1970); People v. Anthony, 24 N.Y.2d 696, 301 N.Y.S.2d 961 (1969).

Affirmed.