UNITED STATES, Appellee,

v.

Staff Sergeant Larry E. ANTHONY, 390–54–4870, United States Army, Appellant.

ACMR 9102601.

U.S. Army Court of Military Review.

19 July 1993.

**964**

For Appellant: Captain Mark L. Toole, JAGC, Captain Thomas D. Wight, JAGC (on brief); Colonel Malcolm H. Squires, Jr., JAGC, Major Robin L. Hall, JAGC, Captain Thomas D. Wight, JAGC.

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Kenneth T. Grant, JAGC (on brief).

Before GRAVELLE, JOHNSTON, and BAKER, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Senior Judge:

Pursuant to his pleas, the appellant was convicted of disobeying the order of a warrant officer and using cocaine, in violation of Articles 91 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 891 and 912a (1988). A general court-martial consisting of officer members sentenced the appellant to a dishonorable discharge, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority reduced the forfeitures to $523.00 pay per month until the discharge is executed, and otherwise approved the adjudged sentence.

The appellant asserts that his defense counsel was ineffective because the defense counsel's cognitive abilities were adversely affected by a debilitating medical condition at the time of trial. We find no merit in this assertion.

The appellant has presented documents to this court showing that his defense counsel suffered from the after-effects of a brain tumor and brain surgery performed in December 1989.[1] He asserts that these medical problems adversely affected his counsel's performance during the entire court-martial process. He specifically asserts that counsel's mental condition impacted on counsel's ability to properly advise the appellant regarding important decisions such as choice of forum and whether to testify. He also argues that counsel failed to conduct effective examination of sentencing witnesses, and that "all decisions ... during the sentencing hearing are suspect." He, however, does not contend that his plea was thereby improvident. As a remedy for this asserted error, he asks this court to set aside the sentence and order a sentence rehearing; or, in the alternative, order a limited hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), to find facts regarding this issue.

In response to the appellant's assertion of ineffectiveness, the defense counsel, now medically retired from the Army, disputes that his medical condition affected his representation of the appellant. In an affidavit presented to this court, he states in pertinent part that "[t]he ... allegations

---

1. The appellant has proffered extracts from the defense counsel's medical record and affidavits from medical experts who examined the defense counsel. These affidavits and extracts of medical records have been accepted as appellate exhibits by this court. The opinions of the medical experts differed on the extent of impairment. An evaluation by a neurologist two weeks after appellant's trial found problems with "attention, concentration, vigilance, temporal and spatial memory, word finding, planning and organization, and judgement." That neurologist opined that the counsel's medical condition "may have impaired his ability to adequately represent his client." Another neurologist opined that "[b]ased upon my observations of [the defense counsel] and the interpretations of the neuropsychological and neurobehavioral testing performed for his evaluation, I would be forced to conclude that his ability to provide competent defense of clients in November or December 1991[,] would have been extremely impaired." Yet another evaluation states that "crucial areas of mental activity are mildly impaired."

by SSG Anthony can best be addressed by directing the Court to review the original record of trial. While my health was not perfect during the time I represented SSG Anthony[,] I was in no manner prevented from providing a vigorous and competent representation...." Under the circumstances, we agree that it is appropriate to review counsel's performance at trial through a close inspection of the verbatim record of trial.

■ An accused is entitled to effective representation of counsel before, during, and after trial. *United States v. Holt*, 33 M.J. 400 (C.M.A.1991). We judge a counsel's performance under standards set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See United States v. Scott*, 24 M.J. 186 (C.M.A.1987). Under *Strickland*, there is a two-part test for judging effectiveness of counsel. First, the appellant has the burden of showing that his counsel's performance was deficient. Second, the appellant must show that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. The proper standard is reasonably effective assistance, taking into account all the circumstances, using an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 2064. There is a strong presumption that counsel falls within the wide range of reasonable professional assistance. *Id.* at 690, 104 S.Ct. at 2066. Errors of professional judgment must be "so serious that counsel was not functioning as the 'counsel' guaranteed ... by the sixth amendment." *Id.* at 687, 104 S.Ct. at 2064. In determining prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068. In deciding these issues, courts should "consider the totality of the evidence before the judge or jury." *Id.* at 695, 104 S.Ct. at 2069.

■ "[P]roof that a criminal defendant's attorney was mentally incapacitated and of unsound mind may constitute the deprivation of effective assistance of counsel." *United States ex rel. Pugach v. Mancusi*, 310 F.Supp. 691, 716 (S.D.N.Y.1970), *aff'd*, 441 F.2d 1073 (2d Cir.1970), *cert. denied* 404 U.S. 849, 92 S.Ct. 156, 30 L.Ed.2d 88 (1971). When there is a question raised about a defense counsel's mental competence, a hearing on the matter is required only when there is substantial evidence that the attorney is not competent to conduct an effective defense. *Smith v. Ylst*, 826 F.2d 872, 877 (9th Cir.1987), *cert. denied*, 488 U.S. 829, 109 S.Ct. 83, 102 L.Ed.2d 59 (1988). *See also Pilchak v. Camper*, 741 F.Supp. 782 (W.D.Mo.1990), *aff'd*. 935 F.2d 145 (8th Cir.1991) (the mere fact that the defense counsel had Alzheimer's disease at the time of trial does not amount to incompetence of counsel without a showing of actual prejudice) and *Bonin v. Vasquez*, 794 F.Supp. 957, 966 (D.Cal. 1992) (collecting cases).

■ We have reviewed the record of trial and find that the defense counsel presented an articulate, spirited, and coherent case on behalf of his client. He succeeded prior to trial in convincing the acting staff judge advocate to recommend dismissal of one charge against the appellant. At trial, he litigated (unsuccessfully) a motion to dismiss the remaining charges for prosecutorial vindictiveness, calling two witnesses on the motion and adequately examining them. Later, he conducted effective voir dire of the members and cross-examination of the government's aggravation witnesses. He also effectively examined the appellant and four sentencing witnesses and made an appropriate and articulate argument to the members, referring appropriately to the testimony and facts presented at trial. We have closely scrutinized his written motions and his oral presentations before the court-martial, and we find no indication that he was substantially impaired by the effects of his illness. We find no evidence whatsoever that the defense counsel was mentally incapacitated, of unsound mind, or not competent to conduct an effective defense. Rather, we find

that the defense counsel's performance at all stages of the proceedings was well within the bounds of performance expected of counsel before courts-martial. We hold that the appellant has failed to demonstrate that the performance of counsel was deficient or that counsel's medical problems prejudiced the appellant in any way.

We have also carefully considered the two other matters raised by the appellant and we find them to be without merit.

The findings of guilty and the sentence are AFFIRMED.

Judge JOHNSTON and Judge BAKER concur.