United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 4, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20560
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANFRED KREUTER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-01-CR-618-ALL)
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Manfred Kreuter appeals his convictions for wire fraud and money laundering. He contends that the evidence is insufficient to support his wire fraud convictions and that, because those convictions do not stand, there is no underlying illegal act to support the money laundering conviction. After reviewing the record and the arguments of counsel, we are satisfied that a rational trier of fact could have found that the evidence established the essential elements of the offenses beyond a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonable doubt.  United States v. Romero-Cruz, 201 F.3d 374, 376 (5th Cir. 2000); United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995).

Kreuter also asserts that the district court erred in admitting into evidence letters of credit and testimony relating to those letters of credit, insisting that the documents were not properly verified and constituted inadmissible hearsay.  To the extent that the records were introduced to show Kreuter's knowledge of what they said, the letters of credit were not hearsay.  FED. R. EVID. 801(c).  To the extent that the documents were used to show that Kreuter received funds as a result of his entering into transactions with the international buyers, the district court did not abuse its discretion in admitting the evidence:  It would be admissible under the "residual exception" to the hearsay rule contained in FED. R. EVID. 807.  See United States v. Wilson, 249 F.3d 366, 374-76 (5th Cir. 2001); United States v. Perez, 217 F.3d 323, 329-30 (5th Cir. 2000).

Kreuter argues further that the district court erred in allowing a witness to make legal conclusions in her testimony.  He cannot establish that the admission of the statements constituted reversible error.  See Kaiser v. New York, 394 U.S. 280, 381 n.5 (1969); United States v. Miranda, 248 F.3d 434, 439 (5th Cir. 2001).

Finally, Kreuter asserts that the district court erred in not instructing the jury that, to establish wire fraud, the government

had to show that the defendant acted "willfully" or "voluntarily with specific intent to disobey or disregard the law."  As he did not object to the instructions on this ground or request this instruction, review is for plain error.  <u>United States v. Martin</u>, 332 F.3d 827, 834 (5th Cir. 2003).  Kreuter has not shown that the instruction given was plainly erroneous.  <u>See</u> <u>United States v. Ismoila</u>, 100 F.3d 380, 399 (5th Cir. 1996).  Kreuter's convictions and the sentences imposed are, therefore ,

AFFIRMED.