**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20560
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANFRED KREUTER,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
(No. H-01-CR-618-ALL)
- - - - - - - - - -

Before JOLLY and WIENER Circuit Judges.[*]

PER CURIAM:[**]

This matter is before us on remand from the United States Supreme Court for reconsideration in light of its recent opinion in <u>United States v. Booker</u>.[1] At our request, the parties have submitted supplemental letter briefs addressing the impact of <u>Booker</u>. For the following reasons, we find that <u>Booker</u> does not affect Defendant-Appellant Manfred Kreuter's sentence.

---

[*] Judge Pickering was a member of the original panel that heard this case, but he has since retired. This matter is being handled by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 543 U.S. ——, 125 S. Ct. 738 (2005).

## I.  BACKGROUND

Kreuter was convicted of seven counts of wire fraud in violation of 18 U.S.C. § 1343 and money laundering in violation of 18 U.S.C. § 1957(a).  The district court sentenced Kreuter to 60 months confinement, to be followed by a three-year term of supervised release.  The court also imposed an $800 special assessment and ordered Kreuter to pay $968,645.91 in restitution. Kreuter appealed his conviction and sentence, and we affirmed in an unpublished opinion.[2]  Kreuter then petitioned the United States Supreme Court for a writ of certiorari.  As noted above, the Supreme Court vacated the judgment and remanded to this court for further consideration in light of Booker.

## II.  DISCUSSION

### A.  Standard of Review

Kreuter raised his Booker claim for the first time in his petition for certiorari.  Therefore, we will not review his Booker claim absent "extraordinary circumstances."[3]  The extraordinary circumstances standard is more demanding than the plain error review that we employ when a defendant has raised his Booker claim for the first time on appeal.[4]  Therefore, if a defendant cannot satisfy the plain error standard, he certainly cannot satisfy the

---

[2] United States v. Kreuter, No. 03-20560, 96 Fed. Appx. 950 (5th Cir. May 4, 2004).

[3] United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).

[4] Id.

2

extraordinary circumstances standard.[5]  As Kreuter's claim does not survive plain error review, we need not address the question of extraordinary circumstances.

Under plain error review, we will not remand for resentencing unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."[6]  If the circumstances meet all three criteria, we may exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[7]  Since Booker, sentencing under mandatory Guidelines (1) constitutes error, and (2) that error is plain.[8]  Whether the error affects substantial rights is a more complex inquiry in which the defendant bears the burden of proof.  He carries his burden if he can "demonstrate a probability 'sufficient to undermine confidence in the outcome.'"[9]  The defendant demonstrates such a probability when he identifies from the record an indication that the sentencing judge would have reached a significantly different result under an advisory Guidelines scheme.[10]

---

[5] Id.

[6] United States v. Cotton, 535 U.S. 625, 631 (2002).

[7] Id.

[8] United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005).

[9] Id. (quoting United States v. Dominguez Benitez, 542 U.S. 74 (2004)).

[10] Id. at 522.

## B.    Merits

In his supplemental letter brief, Kreuter concedes that "[t]here is no dispute that [he] cannot under the present state of the record scale the third and fourth components of a plain error analysis let alone extraordinary circumstances under United States v. Mares, ... the law [of] this Circuit." Specifically, Kreuter is unable to point to any indication in the record that there is a probability that the sentencing judge would have sentenced him differently under an advisory Guidelines scheme. Instead, he urges us to abandon the standard of review we adopted in Mares and instead apply the plain error standard employed by, inter alia, the Fourth Circuit.[11]    Mares is the settled law of this circuit, however, and we may revisit it only en banc or following a Supreme Court decision that effectively overturns it. Accordingly, we affirm the sentence imposed below.

## III.    CONCLUSION

As there exist no extraordinary circumstances or other grounds for relief, Kreuter's sentence is AFFIRMED.

---

[11] See, e.g., United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).

4