UNITED STATES of America,
Plaintiff-Appellee,

v.

William Condon GRAHAM, Defendant-
Appellant.

No. 16704.

United States Court of Appeals
Sixth Circuit.

July 7, 1966.

Don Moore, Jr., Chattanooga, Tenn., Joe J. Wild, Jr., Chattanooga, Tenn., on brief; Moore & Wild, Chattanooga, Tenn., of counsel, for appellant.

Kent Sandidge, III, Asst. U. S. Atty., Nashville, Tenn., Gilbert S. Merritt, Jr., U. S. Atty., Nashville, Tenn., on brief, for appellee.

Before WEICK, Chief Judge, and EDWARDS, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

Defendant-appellant was convicted by a jury on a six count indictment. The first count alleged violation of 26 U.S.C. §§ 4401, 4411 and 4412, which pertain to failure to pay the occupational tax imposed on persons engaged in the business of accepting wagers. Counts 2 through 6 charged violations of 26 U.S.C. § 7203, which makes it an offense willfully to fail to pay wagering excise taxes.

Appellant's failure to register or to pay taxes is undisputed. His basic contention at trial and on appeal is that he was not connected with the wagering operation which the government contends that he owned.

A review of this record convinces this court that there was ample evidence from which the jury could have found or inferred that defendant was engaged in the operation of a business of wagering on sporting events within the definition of the word "entrepreneur" as set forth in Ingram v. United States, 360 U.S. 672, 79 S.Ct. 1314, 3 L.Ed.2d 1503 (1959). See also United States v. Andrews, 347 F.2d 207 (C.A.6, 1965), cert. denied, 382 U.S. 956, 86 S.Ct. 431, 436, 15 L.Ed.2d 360 (1965).

A review of the trial judge's charge indicates that the trial judge spe-

cifically defined in statutory language the offenses which were charged against defendant, and specifically excluded his other non-taxed gambling operations from those definitions. No objection was made to the charge. Taking the charge as a whole, we find no reversible error.

We have reviewed likewise appellant's complaint that the trial judge erred in overruling his motion to suppress evidence which had been seized in the search of a house where the wagering operations referred to above were being carried on. The search was made after the issuance of a proper search warrant detailing the objects of the search. The affidavits upon which the search warrant was issued were ample in specificity and reliability to provide probable cause for its issuance. United States v. Ventresca, 380 U.S. 102, 85 S. Ct. 741, 13 L.Ed.2d 684 (1965); Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

Finding no constitutional deprivation of defendant's rights, and no reversible error, we affirm.