FULLER v. ALASKA.

No. 249. Decided October 28, 1968.

*George Kaufmann* for petitioner.

PER CURIAM.

Petitioner was convicted of shooting with intent to kill or wound and was sentenced to 10 years in prison. Over petitioner's objection that it was obtained in violation of § 605 of the Federal Communications Act, 48 Stat. 1103, 47 U. S. C. § 605, the prosecution introduced in evidence a telegram allegedly sent by petitioner to an accomplice. The Supreme Court of Alaska affirmed, holding that it did not need to decide whether § 605 had actually been violated since the evidence was in any event admissible in state trials under *Schwartz v. Texas,* 344 U. S. 199.

In *Lee* v. *Florida,* 392 U. S. 378, we overruled *Schwartz* v. *Texas* and held that evidence violative of § 605 is not admissible in state criminal trials. The decision of the Alaska Supreme Court cannot stand, therefore, if *Lee* is to be applied retroactively. We hold, however, that the exclusionary rule of *Lee* is to be given prospective application, and, accordingly, we affirm.

Prospective application of *Lee* is supported by all of the considerations outlined in *Stovall* v. *Denno,* 388 U. S. 293, 297.[1] The purpose of *Lee* was in no sense to "enhance the reliability of the fact-finding process at trial." *Johnson* v. *New Jersey,* 384 U. S. 719, 729. Like *Mapp* v. *Ohio,* 367 U. S. 643, *Lee* was designed to enforce the federal law.[2] *Linkletter* v. *Walker,* 381 U. S. 618, 639. And evidence seized in violation of the federal statute is no less relevant and reliable than that seized in violation of the Fourth Amendment to the Constitution. Moreover, the States have justifiably relied upon the explicit holding of *Schwartz* that such evidence was admissible.

Retroactive application of *Lee* would overturn every state conviction obtained in good-faith reliance on *Schwartz.* Since this result is not required by the principle upon which *Lee* was decided, or necessary to accomplish its purpose, we hold that the exclusionary rule is to be applied only to trials in which the evidence is sought to be introduced after the date of our decision in *Lee.*

The petition for a writ of certiorari is granted, and the judgment of the Supreme Court of Alaska is affirmed.

MR. JUSTICE BLACK dissents for the reasons set out in his dissenting opinion in *Linkletter* v. *Walker,* 381

---

[1] These considerations were more recently applied in *DeStefano* v. *Woods,* 392 U. S. 631, 633, in which we concluded that the right to a jury trial in state criminal prosecutions under *Duncan* v. *Louisiana,* 391 U. S. 145, and *Bloom* v. *Illinois,* 391 U. S. 194, was prospective only.

[2] *Lee* v. *Florida,* 392 U. S., at 386–387:

"We conclude, as we concluded in *Elkins* and in *Mapp,* that nothing short of mandatory exclusion of the illegal evidence will compel respect for the federal law 'in the only effectively available way— by removing the incentive to disregard it.' *Elkins* v. *United States,* 364 U. S., at 217."

U. S. 618, 640.  But see his dissent in *Lee* v. *Florida,*
392 U. S. 378, 387.

MR. JUSTICE DOUGLAS, believing that the rule of *Lee*
v. *Florida,* 392 U. S. 378, which was applied retroactively
in that case, should be applied retroactively in other
cases, too, dissents.