**William Condon GRAHAM, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 18725.**

United States Court of Appeals Sixth Circuit.

March 10, 1969.

Glenn Zell, Atlanta, Ga., for appellant.

Rollie L. Woodall, Nashville, Tenn., for appellee, Gilbert S. Merritt, U. S. Atty., Nashville, Tenn., on brief.

Before EDWARDS and COMBS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This appeal presents squarely for the first time in this court the contention that the decisions of the United States Supreme Court in the *Marchetti*[1] and *Grosso*[2] cases should be applied with unlimited retroactivity.

Appellant's current appeal is from the denial of a motion to vacate sentence entered by the United States District Court for the Middle District of Tennessee, Nashville Division. No evidentiary hearing was held, but only legal issues are involved.

On appellant's direct appeal from conviction and sentences which he is now serving this court recited the factual background thus:

"Defendant-appellant was convicted by a jury on a six count indictment. The first count alleged violation of 26 U.S.C. §§ 4401, 4411 and 4412, which pertain to failure to pay the occupational tax imposed on persons engaged in the business of accepting wagers. Counts 2 through 6 charged violations of 26 U.S.C. § 7203, which makes it an offense willfully to fail to pay wagering excise taxes.

"Appellant's failure to register or to pay taxes is undisputed. His basic contention at trial and on appeal is that he was not connected with the wagering operation which the government contends that he owned.

"A review of this record convinces this court that there was ample evidence from which the jury could have found or inferred that defendant was engaged in the operation of a business of wagering on sporting events within the definition of the word 'entrepreneur' as set forth in Ingram v. United States, 360 U.S. 672, 79 S.Ct. 1314, 3 L.Ed.2d 1503 (1959). *See also* United States v. Andrews, 347 F.2d 207 (C.A. 6, 1965), *cert. denied* 382 U.S. 956, 86 S.Ct. 431, 436, 15 L.Ed.2d 360 (1965)." United States v. Graham, 363 F.2d 836 (6th Cir. 1966).

Appellant concedes that he did not raise any Fifth Amendment issues in his original trial or appeal and that his conviction had become final prior to the date of decision of *Marchetti* and *Grosso*.

1. Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968).

2. Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968).

In Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), the Supreme Court outlined the considerations which affect its judgment as to whether a case reversing prior accepted legal doctrines should be applied with unlimited retroactivity:

"The criteria guiding resolution of the question implicate (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." Stovall v. Denno, *supra* at 297, 87 S.Ct. at 1970.

We have considered these criteria and believe that a) the purposes outlined for the reversing decisions in *Marchetti* and *Grosso* will be adequately served by applying them largely prospectively (i. e., so as not to require reversal and retrial of cases wherein judgments had become final as of the date of the *Marchetti* and *Grosso* decisions); b) obviously law enforcement authorities prior to these cases relied implicitly (and had reason to do so) upon the prior holdings of the United States Supreme Court in *Kahriger*[3] and *Lewis*;[4] and c) the impact of unlimited retroactivity upon the administration of justice would be substantial and adverse.

We have examined the cases thus far remanded by the United States Supreme Court for reconsideration in the light of its *Marchetti* and *Grosso* decisions. All of them involved direct appeals wherein judgments had not become final. Rainwater v. Florida, 390 U.S. 196, 88 S.Ct. 196, 19 L.Ed.2d 1037 (1968); Lee v. Kansas City, Missouri, 390 U.S. 197, 88 S.Ct. 901, 19 L.Ed.2d 1037 (1968); DeCesare v. United States, 390 U.S. 200, 88 S.Ct. 900, 19 L.Ed.2d 1036 (1968); Stone v. United States, 390 U. S. 204, 88 S.Ct. 899, 19 L.Ed.2d 1035 (1968); Lookretis v. United States, 390 U.S. 338, 88 S.Ct. 1097, 19 L.Ed.2d 1219

(1968). We have also considered and found unpersuasive Isaac v. United States, 293 F.Supp. 1096 (D. S.C. 1968).

The judgment of the District Court is affirmed. DeStefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968); Fuller v. Alaska, 393 U.S. 80, 89 S.Ct. 61, 21 L.Ed.2d 212 (1968).

---

**3.** United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754 (1953).

**4.** Lewis v. United States, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475 (1955).