**Stoy DECKER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 6181.**

United States District Court, W. D. Kentucky, Louisville Division.

July 9, 1969.

See also 6 Cir., 378 F.2d 245.

Stanley A. Stratford, Louisville, Ky., for petitioner.

Ernest W. Rivers, U. S. Atty., Louisville, Ky., for respondent.

### ORDER

JAMES F. GORDON, District Judge.

In October 1960, the petitioner, Stoy Decker, was tried before the United States District Court for the Western District of Kentucky on charges of possession of a firearm in violation of Title 26 U.S.C. § 5851 (possessing a firearm not registered pursuant to Title 26 U.S.C. § 5841) and conspiring to possess such a firearm. Upon a jury verdict of guilty, the petitioner was sentenced to two concurrent terms of five years each and fined $2000.00. Service of these sentences and an additional four year sentence was begun in December of 1963. On February 12, 1969, the petitioner was paroled and six weeks later, on March 26, 1969, the petitioner, by counsel, moved pursuant to Title 28 U.

S.C. § 2255 to vacate the Section 5851 and the conspiracy sentences.

The petitioner maintains that the decision of the Supreme Court in Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), declaring the Fifth Amendment privilege against self-incrimination to be a full defense to prosecutions under Sections 5851 and 5841, should be applied retroactively and his sentences vacated.

In considering the purpose to be served by Haynes, it is clear that retroactive application is not called for. There is nothing in *Haynes* to indicate that persons convicted for violating the registration clause of § 5851 were in any way deprived of a fair trial. To the contrary, the risk of self-incrimination that *Haynes* sought to eradicate is not involved in a prosecution for failure to register, rather it is in the threat of prosecution for registering. The fact that the Supreme Court has chosen to remove this threat by declaring an assertion of privilege against self-incrimination to be an absolute defense to § 5841, § 5851 prosecutions does not suggest that past prosecutions were in any way tainted by violations of the defendant's privilege against self-incrimination. Like United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601; Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); and Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966), which were held to be only prospective in application, *Haynes* was intended to insure fairness in the administration of justice. Cases directed at the insurance of fairness are to be distinguished from cases such as Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1963); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) and Hamilton v. Alabama, 368 U.S. 52, 82 S. Ct. 157, 7 L.Ed.2d 114 (1961), where the threats sought to be remedied went to

the very integrity of the fact finding process. While the distinction may frequently become a question of degree, it is clear that while the petitioner may have once been under a threat to register and thus incriminate himself, he was not deprived of any of his rights during the prosecution of the § 5851 violation.

Accompanying the *Haynes* decision the Supreme Court also handed down Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), dealing with the registration and reporting requirements contained in the federal wagering tax statutes. Like Haynes, Marchetti and Grosso had been convicted for failing to comply with registration and reporting requirements. In reversing, the Supreme Court reached the same result as it did in *Haynes:* the assertion of the Fifth Amendment privilege against self-incrimination would act as a bar to prosecution for failure to provide certain information concerning wagering since such information could subject one to other prosecutions.

In refusing to give unlimited retroactivity to *Marchetti* and *Grosso,* the Sixth Circuit, in Graham v. United States, 407 F.2d 1313 (March 1969), ruled that,

"* * * (a) the purposes outlined for the reversing decisions in Marchetti and Grosso will be adequately served by applying them largely prospectively (i.e., so as not to require reversal and retrial of cases wherein judgments had become final as of the date of the Marchetti and Grosso decisions); (b) obviously law enforcement authorities prior to the cases relied implicitly (and had reason to do so) upon the prior holdings of the United States Supreme Court * * * (c) the impact of unlimited retroactivity upon the administration of justice would be substantial and adverse."

Nothing has been set forth by the petitioner to show why *Graham* should not be controlling in the case at bar. The motion to vacate is overruled.