Eulogio **ORTIZ VERDEJO**, Petitioner,

v.

Gerardo **DELGADO**, Warden, Penitentiary of the Commonwealth of Puerto Rico, Respondent.

Civ. No. 304–69.

United States District Court
D. Puerto Rico.
Aug. 22, 1969.

Santos P. Amadeo, San Juan, P.R., for petitioner.

William Arias, for the Commonwealth of San Juan, P.R.

## MEMORANDUM OF OPINION

### -I-

### HISTORY OF THE SUIT

CANCIO, Chief Judge.

On April 19, 1969 petitioner herein filed in this Court a writ of habeas corpus attacking the constitutionality of his trial and conviction for the crime of first degree murder, as a result of which he was sentenced to life imprisonment by the Superior Court of Puerto Rico, San Juan Part.

Petitioner contended that his trial, conviction and sentence were in conflict with the Due Process Clause of the Fifth or Fourteenth Amendments to the Constitution of the United States, as well as in violation of the Confrontation Clause of the Sixth Amendment.

On April 29, 1969 this Court issued an order to show cause addressed to respondent herein, Gerardo Delgado, warden of the Penitentiary of the Commonwealth of Puerto Rico.

On May 19, 1969 respondent filed in this Court a return to the order to show cause denying the allegations of the petition for a writ of habeas corpus.

Petitioner, on May 23, 1969, filed a traverse to the return to the order to show cause, submitting the following documents:

1- The petition for a writ of habeas corpus filed in this Court.

2- The memorandum in support of the petition for a writ of habeas corpus filed in this Court.

3- The note *Trial by Jury in Criminal Cases,* published in 69 Columbia Law Review, March, 1969, at pages 449–460.

### -II-

### FINDINGS OF FACT

An information was filed in the Superior Court of Puerto Rico, San Juan Part, against petitioner and Gerardo Cruz Jiménez and Zenén Hiraldo

Jiménez, for murder in the first degree. Petitioner and codefendants pleaded not guilty at the arraignment and requested trial by jury.

Prior to, and at the beginning of the trial, petitioner moved for a separate trial contending he had received information that both codefendants had given separate confessions which incriminated him. These motions were denied by the trial judge.

On June 22, 1960 petitioner's and codefendants' trial began, in the course of which the prosecuting attorney introduced codefendant's confessions incriminating petitioner.

Having admitted these confessions in evidence, the trial court instructed the jury to consider said confessions only against codefendants Gerardo Cruz Jiménez and Zenén Hiraldo Jiménez. On June 28, 1960 the jury found all three defendants guilty of murder in the first degree and they were subsequently sentenced to life imprisonment.

Petitioner and codefendants appealed from the judgment and sentence to the Supreme Court of Puerto Rico, which affirmed.

Subsequently petitioner moved the trial judge to set aside the judgment and sentence rendered against him, contending, among other allegations, that they were null and void on the ground that, in being refused a separate trial, he had been deprived of his liberty without due process of law, as well as deprived of his right of confrontation (Amendments V, VI and XIV to the Constitution of the United States), inasmuch as codefendants did not testify in petitioner's presence.

Petitioner's motion to set aside the judgment was denied by the trial judge, whereupon he appealed to the Supreme Court of Puerto Rico, which entertained the appeal as a petition for certiorari under No. C–65–48, denying the same and affirming the judgment against petitioner.

On January 13, 1969 petitioner filed a motion before the Supreme Court of Puerto Rico seeking to set aside the criminal judgment rendered by the Superior Court of Puerto Rico, San Juan Part, and affirmed by the Supreme Court in case No. Cr. 64–311. Petitioner further sought to set aside the judgment of the Supreme Court of Puerto Rico rendered in case No. C–65–48, Certiorari, in which the latter affirmed the judgment rendered by the Superior Court of Puerto Rico, San Juan Part, against petitioner.

In this latter move, petitioner raised exactly the same constitutional objections to his conviction and sentence as in his motion before the Superior Court of Puerto Rico, San Juan Part. Likewise, petitioner raised the same constitutional objections in his brief in support of his petition for a writ of habeas certiorari before the Supreme Court of Puerto Rico seeking to reverse the judgment of the Superior Court of Puerto Rico, San Juan Part, which denied his motion to set aside his life imprisonment sentence. The aforesaid motion was denied by the Supreme Court of Puerto Rico on February 10, 1969.

Consequently, petitioner remained, and is at present, under the custody of respondent herein, Gerardo Delgado, warden of the Penitentiary of the Commonwealth of Puerto Rico.

-III-

## CONCLUSIONS OF LAW

Careful consideration of the briefs and memoranda of the parties herein leads this Court to the following conclusions of law:

█ Unquestionably, as the record shows, petitioner has exhausted, under 28 U.S.C.A. § 2254, all state remedies available to him. Therefore, he is free to invoke the jurisdiction of this Court to vindicate his constitutional rights allegedly violated by the local courts. Respondent at no time challenged this fact of law. Then this Court must assert its jurisdiction under 28 U.S.C.A. § 2254.

The main question before this Court in the case at bar is whether petitioner has been deprived of a fair trial as protected by the Due Process Clause of the Fifth or Fourteenth Amendments to the Constitution of the United States, and of the right of confrontation guaranteed by the Sixth Amendment.

Respondent contends that the doctrine of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), is not applicable to petitioner's case and that therefore he was not deprived of his liberty without due process of law in violation of the Fifth Amendment, nor that petitioner was deprived of his right of confrontation under the Sixth Amendment to the Constitution.

■ Respondent's contention fails before the hard facts of petitioner's case: Unlike in Bruton, in petitioner's case we deal with two confessions introduced and admitted in evidence which incriminated petitioner. And although the Court instructed the jury not to consider these confessions as evidence against petitioner, they, nevertheless, were tremendously prejudicial to him, thus heavily contributing to his conviction, irrespective of any other evidence. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Respondent further alleges that the Bruton doctrine is not applicable to petitioner's case, as construed in Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100, by the Supreme Court of the United States, because the High Court failed to expressly indicate to what extent would the Bruton holding be retroactively applied.

Petitioner contends that the Bruton doctrine, as construed in Roberts v. Russell, has been accorded unlimited retroactivity. In other words, the Bruton doctrine is not only applicable to cases on appeal when it was announced, but also to cases that were final on the date when Bruton was decided. Such were the facts in Roberts and, as the record shows, such are the facts in the case at bar.

Obviously, petitioner grounds his contention on the facts and holding in Roberts v. Russell, and also on the fact that in Bruton as well as in Roberts and petitioner's case, the trial court, in admitting Bruton codefendants' confessions, incurred in serious flaws in the fact-finding process at trial, thus depriving petitioner of a fair trial under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, and further deprived him of the right to confront his accusers in violation of the Sixth Amendment to the Constitution.

■ The Supreme Court of the United States has set forth unmistakable directives in determining whether a new constitutional doctrine shall be applied retroactively or prospectively, to wit: (1) The new rule shall have prospective application, that is, to cases arising subsequent to the establishment of the rule. Fuller v. Alaska, 393 U.S. 80, 89 S.Ct. 61, 21 L.Ed.2d 212. (2) The new rule is applicable to cases on appeal when the new doctrine was announced. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601. (3) The new rule will not be applicable to cases that were final upon the announcement of the rule unless the accused had been deprived of a fair trial upon being subjected by the trial court to serious flaws in the fact-finding process, as in petitioner's case, which may lead to the conviction of an innocent person, parallel to Roberts v. Russell and petitioner's case. See Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Reck v. Pate, 367 U.S. 433, 81 S.Ct. 1541, 6 L.Ed.2d 948 Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314; Bruton v. United States, supra; Roberts v. Russell, supra; Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed. 2d 882; and Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

The Court cannot fail to see the evident parallelism in Bruton's, Roberts' and petitioner's cases. In Roberts, he was convicted of armed robbery by a jury, in a joint trial with one Rappe in

Davidson County, Tennessee. A police officer testified that Rappe orally confessed to him that Roberts and Rappe committed the crime. The trial judge instructed the jury that Rappe's confession was admissible against her but that her statements implicating petitioner were not to be considered in determining Roberts' guilt or innocence. The Tennessee Supreme Court affirmed petitioner's conviction. Roberts filed a writ of habeas corpus in the United States District Court for the Middle District of Tennessee. Relying on Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278, that Court denied relief. The Court of Appeals for the Sixth Circuit affirmed.

Roberts' case, as shown by the Federal Court's reliance on *Delli Paoli,* was final. Thus, the judgment was under collateral attack via habeas corpus prior to the *Bruton* decision overruling *Delli Paoli.* These are exactly the facts in the instant case, where petitioner, in his collateral attack on his judgment and sentence, raised the constitutional questions of deprivation of a fair trial and of his right of confronting his accusers as guaranteed by the Sixth Amendment to the Constitution.

In Roberts v. Russell the Supreme Court had to decide whether Bruton v. United States was retroactively applicable. Holding it was, the Court said:

" * * * In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed. 2d 476, decided on May 20, 1968, we overruled Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 and held that, despite instructions to the jury to disregard the implicating statements in determining the codefendant's guilt or innocence, admission at a joint trial of a defendant's extrajudicial confession implicating a codefendant violated the codefendant's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment. This case presents the question whether *Bruton* is to be applied retroactively. We hold that it is. * * * "

But the Court, before stating the reasons why the *Bruton* doctrine should be retroactively applied, decided that it was applicable to State prosecutions. Said the Court in this respect:

" * * * Although *Bruton* involved a federal prosecution and this is a state prosecution, the right of cross-examination secured by the Confrontation Clause of the Sixth Amendment is made applicable to the States by the Fourteenth Amendment. Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923; Douglas v. State of Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934. * * * "

Substantiating the retroactive applicability of the *Bruton* doctrine to the *Roberts* case, which involved not a direct, but a collateral attack to the judgment and sentence, the Supreme Court said:

" * * * We have * * * retroactively applied rules of criminal procedure fashioned to correct serious flaws in the fact-finding process at trial." Stovall v. Denno, 388 U.S. 293, 298, 87 S.Ct. 1967, 1970, 18 L.Ed. 2d 1199. See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Reck v. Pate, 367 U.S. 433, 81 S.Ct. 1541, 6 L.Ed.2d 948; Linkletter v. Walker, 381 U.S. 618, 639, 85 S.Ct. 1731, 1743, 14 L.Ed.2d 601; n. 20, Johnson v. State of New Jersey, 384 U.S. 719, 727–728, 86 S.Ct. 1772, 1777–1778, 16 L.Ed.2d 882; cf. Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314. Despite the cautionary instruction, the admission of a defendant's confession which implicates a codefendant results in such a 'serious flaw.' The retroactivity of the holding in *Bruton* is therefore required; the error 'went to the basis of fair hearing and trial because the procedural apparatus never assured the [petitioner] a fair determination' of his guilt or innocence. Linkletter v. Walker, supra,

436

381 U.S. at 639, 85 S.Ct. at 1743, n. 20. As we said in *Bruton:*

'[T]here are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored. * * * Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant * * * are deliberately spread before the jury in a joint trial.' 391 U.S. at 135–136, 88 S.Ct. at 1627.

"Due regard for countervailing considerations—reliance on the old standard of *Delli Paoli* and the impact of retroactivity upon the administration of justice, Stovall v. Denno, supra, 388 U.S. at 298, 87 S.Ct. at 1970— does not counsel against retroactivity of *Bruton.* The element of reliance is not persuasive, for *Delli Paoli* has been under attack from its inception and many courts have in fact rejected it. See Bruton v. United States, supra, 391 U.S. at 128–135, 88 S.Ct. at 1623, and nn. 4, 8, 10. And even if the impact of retroactivity may be significant, the constitutional error presents a serious risk that the issue of guilt or innocence may not have been reliably determined. * * * *"

■■ Unquestionably, it was the unequivocal intention of the Supreme Court of the United States that the *Bruton* doctrine should have retroactive application to cases that were final prior to the Bruton decision. Such was the situation in Roberts v. Russell, and such is the situation in petitioner's case.

In 69 Harvard Law Review, page 461 (March, 1969), it is said:

"In Roberts v. Russell, the Supreme Court gave Bruton retroactive application on the ground that Bruton concerns the accuracy with which guilt is determined. The same case confirmed the applicability of Bruton to the states. Thus Bruton is to receive

broad and instant application, and confronts the courts with serious immediate problems."

## IV

## JUDGMENT AND SENTENCE

It is ordered that the Judgment of Conviction and Sentence imposed on petitioner, Eulogio Ortiz Verdejo, by the Superior Court of Puerto Rico, San Juan Part, on July 6, 1960, in Criminal Case No. G59–31 of said Court, be, and the same is hereby, vacated; and

It is further Ordered that unless the proper authorities of the Commonwealth of Puerto Rico commerce a new trial of said petitioner on the murder information heretofore filed against him within a term of sixty (60) days from the date of this Judgment, he shall be discharged without delay.

Bail for petitioner's conditional release pending new trial is fixed in the sum of $50,000.00.