Francis J. Donovan, J.
Defendants move to suppress the introduction of certain wiretap conversations. This case was one of approximately 12 which were argued jointly because similar questions of law were involved. ¡Separate decisions have been noted in each of the cases and the opinion filed herein contains the basic reasoning, supporting all of the decisions.
The District Attorney argued at considerable length in opposition to the motion to suppress and discussed such matters as Lee v. Florida (392 U. S. 378); Fuller v. Alaska (393 U. S. 80) and the impact of the Omnibus Crime Control and Safe Street Act which was enacted June 19, 1968 (82 U. S. Stat. 197).
Little or nothing was said about the sufficiency of the order of June 4, 1968, issued by the County Court of Nassau County authorizing the wiretap.
The wiretaps in all these cases were made subsequent to December 18,1967. This date is critical, for it is the cutoff date fixed by the United States Supreme Court in Desist v. United States (394 U. S. 244), for applying the exclusionary rule of Katz v. United States (389 U. S. 347).
Berger v. New York (388 U. S. 41), followed by Katz, clearly established that a wiretap order is equivalent to a search warrant and must meet the test provided by the Fourth Amendment.
The pertinent portion of the order here reads: 4 £ It is further ordered that this order shall be effective and in force from the 4th day of June 1968 to the 21st day of June 1968 and shall terminate at such time as the conversations sought are recorded; a return to be made within ten days after the expiration of the order.”
The return indicates that conversations were intercepted on various days from June 6 to June 19 and that criminal conversations were intercepted on June 6 and 7, June 9, June 13, June 14, June 17, June 18 and June 19.
*871 ■The affidavit upon which the order was based indicated that the telephone in question was being used daily in the business of illegal wagering. This order fails to comply with the requirements of Katz. Both Berger and Katz (388 U. S. 41 and 389 U. S. 347, supra) indicated that the order must be precise and discriminate.
The order here authorized a 24-hour surveillance for more than two weeks. While the order seems to indicate that it shall terminate at such time as the conversations sought are recorded, this termination is not a termination by the court. It is a termination at the pleasure of the police officers. The vice inherent in such an order is indicated by the return. The police officers continued their wiretap for two weeks after they had intercepted criminal conversations.
Since the order violates the limitations prescribed by the Fourth Amendment of the Constitution as interpreted in Berger and Katz (388 U. S. 41 and 389 U. S. 347, supra), the motion to suppress is granted.