In the Matter of ROY M. (ANONYMOUS), Appellant, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

Second Department, January 19, 1970.

*Charles Schinitsky* (*Rena K. Uviller* of counsel), for appellant.

*J. Lee Rankin, Corporation Counsel* (*Alfred Weinstein* and *Robert Hartmann* of counsel), for respondent.

MUNDER, J. This is an appeal from an order of the Family Court, Queens County, denying an application in the nature of a writ of error *coram nobis* seeking to expunge three orders of the former Domestic Relations Court of the City of New York, County of Queens, respectively dated October 20, 1947, December 11, 1947 and February 19, 1948, which adjudged the appellant a juvenile delinquent and resulted in his detention until December, 1951. It is conceded that at these delinquency proceedings, which were conducted pursuant to the former Domestic Relations Court Act, the appellant was not represented by counsel or advised of his right to be so represented. In denying the application the Family Court held that (1) under the law effective at the time a juvenile did not have the right to the aid of counsel and (2) the recent extension of the right to counsel, by the Supreme Court of the United States in *Matter of Gault* (387 U. S. 1), is not to be applied retroactively.

We agree that under the law existing at the time of his adjudications of delinquency the appellant was not entitled to the aid of counsel (see *People* v. *Lewis,* 260 N. Y. 171). However, it is our opinion that the right to counsel as prescribed in *Matter of Gault* (*supra*) must be applied retroactively.

*Matter of Gault* was decided on May 15, 1967. The Supreme Court held, *inter alia,* that " the Due Process Clause of the Fourteenth Amendment requires that in respect of proceedings to determine delinquency which may result in commitment to an institution in which the juvenile's freedom is curtailed, the child and his parents must be notified of the child's right to be represented by counsel retained by them, or if they are unable to

afford counsel, that counsel will be appointed to represent the child " (p. 41).

From recent cases, it appears the Supreme Court employs a three-pronged analysis in deciding whether particular decisions should apply retroactively. The three factors to be considered are " (a) the purpose to be served by the new standards, (b) the extent of the reliance of law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards " (*Desist* v. *United States*, 394 U. S. 244, 249; *Stovall* v. *Denno*, 388 U. S. 293, 297). Although the test provides a convenient framework, it does not afford easy application.

Newly-announced standards excluding evidence of unreasonable searches and seizures (*Mapp* v. *Ohio*, 367 U. S. 643), providing a right to counsel at interrogations (*Escobedo* v. *Illinois*, 378 U. S. 478; *Miranda* v. *Arizona*, 384 U. S. 436), prohibiting comment on a defendant's failure to testify (*Griffin* v. *California*, 380 U. S. 609), providing a right to counsel at lineups (*United States* v. *Wade*, 388 U. S. 218; *Gilbert* v. *California*, 388 U. S. 263) and excluding evidence obtained in violation of section 605 of the Federal Communications Act (U. S. Code, tit. 47, § 605) (*Lee* v. *Florida*, 392 U. S. 378) or evidence obtained by unauthorized electronic eavesdropping (*Katz* v. *United States*, 389 U. S. 347) have been applied *prospectively* only. (See, respectively, *Linkletter* v. *Walker*, 381 U. S. 618; *Johnson* v. *New Jersey*, 384 U. S. 719; *Tehan* v. *Shott*, 382 U. S. 406; *Stovall* v. *Denno, supra*; *Fuller* v. *Alaska*, 393 U. S. 80; *Desist* v. *United States, supra.*)

On the other hand, cases dealing with standards relating to " ' the very integrity of the fact-finding process ' " are applied retroactively to avert " ' the clear danger of convicting the innocent ' " (*Johnson* v. *New Jersey, supra*, p. 728). In this respect, foremost among the three considerations involved in a determination of retroactivity is the purpose to be served by the new constitutional rule (*Desist* v. *United States, supra*, p. 249; *Roberts* v. *Russell*, 392 U. S. 293, 295; *Witherspoon* v. *Illinois*, 391 U. S. 510, 523, n. 22). Thus, cases dealing with the right to counsel at critical stages in the adjudicatory process have been retroactively applied notwithstanding their impact on judicial administration or the reliance placed on prior law. The right to counsel at arraignment (*Hamilton* v. *Alabama*, 368 U. S. 52), at trial (*Gideon* v. *Wainwright*, 372 U. S. 335), on appeal (*Douglas* v. *California*, 372 U. S. 353) and at sentencing and probation revocation (*Mempa* v. *Rhay*, 389 U. S. 128) have

all been held to be retroactive. In the most recent pronouncement on the retroactivity of the right to counsel, the Supreme Court stated that " the right to counsel at * * * [critical stages of criminal proceedings] have all been made retroactive, since the ' denial of the right must almost invariably deny a fair trial ' " (*Arsenault* v. *Massachusetts,* 393 U. S. 5, 6 [bracketed matter supplied], holding *White* v. *Maryland,* 373 U. S. 59, retroactive).

Admittedly the foregoing decisions dealt with the right to counsel in a criminal prosecution. However, in view of the language of *Matter of Gault* (*supra*), we do not feel that a meaningful distinction can any longer be drawn between criminal proceedings and delinquency proceedings where the right to counsel is involved. Citing *Gideon* v. *Wainwright* (*supra*), the court stated (p. 36) : " There is no material difference in this respect between adult and juvenile proceedings of the sort here involved. In adult proceedings, this contention has been foreclosed by decisions of this Court. A proceeding where the issue is whether a child will be found to be ' delinquent ' and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution."

In refusing to apply *Gault* retroactively the Family Court based its decision solely on the " enormous " effect a holding of retroactivity would have on the administration of justice. Apart from the fact that such a consideration is secondary where newly-announced constitutional standards are designed (as is the right to counsel) to insure the integrity of the fact finding process (*Roberts* v. *Russell,* 392 U. S. 293, *supra*), there is no basis for it at bar. Since September 1, 1962 our State has provided that in delinquency proceedings the child and his parents are to be advised of the right to counsel and of the right to have counsel assigned (Family Ct. Act, § 741, subd. [a]). Consequently, our holding that the right to counsel is retroactive will affect only those adjudications rendered prior to that date.

In the adult criminal area, experience has shown that post-conviction applications based on retroactive rulings are made by those who seek release from their present confinement or by those who seek to upset prior felony convictions in the hope of avoiding multiple offender treatment. Since the maximum confinement permitted prior to the effective date of the Family Court Act in 1962 was until the delinquent's 21st birthday, it is doubtful that there is anyone presently confined pursuant to an adjudication of delinquency made prior to such time in 1962. Furthermore, an adjudication of delinquency cannot be

the basis for multiple offender treatment. With these two factors missing, and since the records of juvenile hearings have long been protected from public inspection, and adjudications of delinquency may not be used to disqualify the delinquents from holding public office or to cause them to forfeit any right or privilege (Domestic Relations Ct. Act, §§ 84, 84-a; Family Ct. Act, §§ 783, 784), there is no reason to fear that retroactivity will have an inordinate effect upon the administration of justice.

While a pre-1962 proceeding in which an adjudication is vacated may be reheard, that would be highly unlikely. Thus, with little practical benefit to be derived from an application to expunge the Family Court record of a juvenile delinquency adjudication, there seems to be little reason to anticipate many such applications. We would expect that only a few will, like our present appellant, take this seemingly fruitless adventure to test the logic of the law, but even if we are incorrect, this is, as noted above, of only secondary importance.

The order should be reversed, on the law, and the application remanded to the Family Court, Queens County, for further proceedings not inconsistent herewith. The findings of fact below have not been considered.

Brennan, Acting P. J., and Hopkins, J., concur with Munder, J.; Benjamin and Martuscello, JJ., dissent and vote to affirm the order, with the following memorandum: The defendant in this case is not in custody. Under such circumstances, *Matter of Gault* (387 U. S. 1) should not be applied retroactively.

Order reversed, on the law, and application remanded to the Family Court for further proceedings not inconsistent with the opinion rendered herewith. The findings of fact below have not been considered.