Clyde John **BROOKS**, Plaintiff-Appellant,

v.

**UNITED STATES of America**, Defendant-Appellee.

No. 28029

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 7, 1970.

---

George M. Leppert, New Orleans, La., court-appointed, for appellant.

Gerald J. Gallinghouse, U. S. Atty., Horace P. Rowley, III, Richard M. Olsen, Asst. U. S. Attys., New Orleans, La., for United States.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

We have concluded on the merits that oral argument is unnecessary in this case. Accordingly, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this fact in writing. *See* Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526; Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804; 5 Cir. R. 18.

Clyde John Brooks pleaded guilty in 1965 to the possession of a sawed-off 12-gauge shotgun which he had not registered. 26 U.S.C. §§ 5851, 5861. He was sentenced to three years imprisonment to commence at the end of a state sentence. But in Haynes v. United States, 1968, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923, the Supreme Court has held that a claim of self-incrimination provides a full defense to such a prosecution. Brooks now seeks relief under 28 U.S.C. § 2255. The district court denied relief, holding that *Haynes* was not to be applied retroactively.

This Court has recently decided that two companion cases to *Haynes*, Marchetti v. United States, 1968, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed. 2d 889, and Grosso v. United States, 1968, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed. 2d 906, require retroactive application. United States v. Lucia, 5 Cir. 1969, 416 F.2d 920, aff'd en banc, 5 Cir. 1970, 423 F.2d 697. At the time of its order, the district court did not have the benefit of this decision. For the reasons enunciated in *Lucia,* we conclude that Brooks did not waive his right to raise the defense of self-incrimination and that *Haynes* like *Marchetti* and *Grosso* must be applied retroactively. In this conclusion, we follow the Fourth and Ninth Circuits, United States v. Miller, 4 Cir. 1969, 406 F.2d 1100; Meadows v. United States, 9 Cir. 1969, 420 F.2d 795, and differ with the Sixth Circuit. Graham v. United States, 6 Cir. 1969, 407 F.2d 1313.

We reverse and remand for disposition consistent with this opinion.