John Paul SPICA, Jr., Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 54708.

Supreme Court of Missouri,
Division No. 2.

Sept. 14, 1970.

Norman S. London, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

DONNELLY, Presiding Judge.

Appellant, John Paul Spica, Jr., was convicted of murder in the first degree by a jury in the Circuit Court of St. Louis County, Missouri, and his punishment was assessed at life imprisonment. On direct appeal, his conviction was affirmed. State v. Spica, Mo.Sup., 389 S.W.2d 35 (decided March 8, 1965). The pertinent facts were set forth in the Spica case, supra, in summary form, as follows:

"On June 8, 1962, John Myszak, a realtor, went to a residence in St. Louis County pursuant to arrangements previously made by telephone to show the premises to a person he thought to be a prospective purchaser. As he stood in the driveway near the street he was shot to death by the occupant of an automobile who then drove away. About a month later the murder weapon, a .38 colt automatic, was found in a nearby grassy vacant area. Neither the person firing the shots nor the automobile in which he was riding was identified.

"John Myszak and his wife had previously had domestic difficulties, and she had talked to appellant about her troubles and asked him if he could arrange to have her husband killed. On June 20, after her husband had been killed, Mrs. Myszak called appellant and asked him to come to her home. When appellant arrived, with the knowledge and consent of Mrs. Myszak, Detective Edwards was concealed under some shrubbery near the front entrance of the house. Appellant talked to Mrs. Myszak within the hearing of Detective Edwards, and the substance of that conversation was that Mrs. Myszak thought that the plan to have her husband killed had been 'dropped,' but that appellant stated that her husband's death 'definitely' was the result of their previous conversations and he wanted $5,000, the amount previously agreed to.

"Six meetings were had thereafter between Mrs. Myszak and appellant. With the cooperation of the police Mrs. Myszak had concealed on her person a small battery powered radio transmitter. Police officers were located nearby with a receiving set and a tape recorder, and the conversations between appellant and Mrs. Myszak at five of these six meetings were recorded. Without detailing the exact conversations, it may be said that appellant told Mrs. Myszak

that he had arranged to have her husband killed, and he demanded the payment of $5,000. At the last meeting, Mrs. Myszak gave appellant $1,000 in marked bills furnished to her by the police, and immediately thereafter he was arrested."

On October 31, 1968, appellant filed in the Circuit Court of St. Louis County, Missouri, his amended motion to vacate sentence under S.Ct. Rule 27.26, V.A.M.R. Evidentiary hearings were held, with appellant and counsel present, on October 31, 1968; January 22, 1969; January 29, 1969; March 27, 1969; and April 23, 1969. The motion to vacate was denied. This appeal followed.

Appellant first contends that the trial court "erred in failing to sustain appellant's motion to vacate pursuant to Supreme Court Rule 27.26 in view of the fact that there had been admitted into evidence tape recordings and motion picture films of conversations between appellant and Mrs. Myszak and the testimony of Detective Edwards as to an overheard conversation on the grounds that said evidence resulted from an illegal search and seizure, invasion of privacy and violated appellant's rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States and Article 1, Section 15, 18–A, 18–B and 19 of the Constitution of the State of Missouri [V.A. M.S.]."

This contention was raised and rejected on direct appeal. State v. Spica, supra, 389 S.W.2d 35, 43–46. This Court followed Olmstead v. United States, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944; Goldman v. United States, 316 U.S. 129, 62 S.Ct. 993, 86 L.Ed. 1322; On Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270; and Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462.

On his present appeal, appellant relies on Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (decided December 18, 1967), wherein the United States Supreme Court overruled Olmstead, supra, and Goldman, supra, and held that because "the Fourth Amendment protects people rather than places, its reach cannot turn on the presence or absence of a physical intrusion into any given enclosure." We need not speculate as to whether Katz, supra, overruled On Lee, supra, and Lopez, supra (see concurring opinion of Justice White in Katz, supra, 389 U.S. 347, 363, 88 S.Ct. 507, 517, 19 L.Ed.2d 576; United States v. White, 7th Cir., 405 F.2d 838; and Doty v. United States, 10th Cir., 416 F.2d 887).

■ Appellant's contention is without merit because: (1) Katz, supra, imposes the Fourth Amendment prohibition against unreasonable searches and seizures, and the exclusionary rule incident thereto, only on evidence sought to be admitted in *federal* prosecutions (Cf. Lee v. Florida, 392 U.S. 378, 88 S.Ct. 2096, 20 L.Ed.2d 1166, which dealt with *state* prosecutions, and which expressly did not reach issues under the Fourth and Fourteenth Amendments); and (2) in any event, "Katz is to be applied only to cases in which the prosecution seeks to introduce the fruits of electronic surveillance conducted after December 18, 1967." Desist v. United States, 394 U.S. 244, 254, 89 S.Ct. 1030, 1036, 22 L.Ed.2d 248. The surveillance attacked under this point was conducted in 1962.

Appellant next contends that the trial court "erred in dismissing appellant's motion to vacate pursuant to Supreme Court Rule 27.26 when it was established that a wire tap had been employed in the instant case." This contention involves alleged electronic surveillance of Mrs. Myszak's telephone line and was not raised on direct appeal.

According to evidence developed at the 27.26 hearings, Mrs. Myszak's telephone line was tapped and monitored. In Lee v. Florida, supra, the United States Supreme Court held that recordings of illegally intercepted telephone conversations are not admissible in *state* courts in view of the express federal prohibition (§ 605 of the Federal Communications Act of 1934, 48

Stat. 1103, 47 U.S.C. § 605) against the interception and divulgence of recordings so procured.

■ However, the 27.26 hearings conducted by the trial court were extensive (Cf. Alderman v. United States, 394 U.S. 165, 186, 89 S.Ct. 961, 22 L.Ed.2d 176), and appellant's contention is without merit because: (1) there is nothing in the record to show that any telephone conversations involving appellant were intercepted or divulged by the police; (2) no evidence of such alleged conversations was introduced or admitted at trial; and (3) in any event, the exclusionary rule announced in Lee, supra, is to be applied only to trials in which the evidence is sought to be introduced after June 17, 1968. Fuller v. Alaska, 393 U.S. 80, 89 S.Ct. 61, 21 L.Ed.2d 212. The trial in this case was conducted in 1963.

■ Appellant finally contends that the trial court "erred in dismissing appellant's motion to vacate in view of the fact that respondent withheld information of the wire tap prior to trial when it was known that this information would be helpful to appellant in presenting his defense." This contention was not raised on direct appeal.

In State v. Eaton, Mo.Sup., 280 S.W.2d 63, 66, this Court, in 1955, quoted with approval from Pyle v. Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214, to the effect that the " 'deliberate suppression by the prosecution of evidence favorable to a defendant may constitute a denial of due process.' "

In State v. Thompson, Mo.Sup., 396 S.W. 2d 697, 700, this Court, in 1965, recognized that "the suppression of (or failure to disclose) evidence in the possession or control of the prosecution which is favorable to defendant and which might be persuasive to a jury, constitutes such a fundamental unfairness as to invalidate a conviction because violative of due process." See also Napue v. Illinois, 360 U.S. 264, 79 S.Ct.

1173, 3 L.Ed.2d 1217; Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215; and Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737.

Appellant was given every opportunity at the 27.26 hearings to sustain "the burden of establishing his grounds for relief by a preponderance of the evidence." S.Ct. Rule 27.26(f), V.A.M.R.

On January 22, 1969, the trial court entered the following order:

"The Court ORDERS that the State of Missouri, acting through the Prosecuting Attorney of St. Louis County, make available to Defendant and his counsel all Daily Activity Sheets, if any there be, relating to an alleged wiretap on the telephone line of Mrs. Marie Myszak which alleged wiretap was allegedly stationed in the basement of the neighboring church."

On January 30, 1969, the trial court entered the following order:

"The Order of January 22, 1969, is amended in the following respects only:

"The phrase 'Daily Activity Sheets' as used in the second paragraph of said Order is defined as all documents, records, and memoranda, if any, by whatever name they may be known, if any, which documents, records, and memoranda, if any, specify the activities and work of the various officers or civilians involved in the investigation of the death of John Myszak on June 8, 1962, reflecting such activity which occurred between the fifth day of June, 1962, and ending on July 3, 1962, both dates inclusive, whether said documents, records, and memoranda, are in original form or reproduced on microfilm and which cover the activities, if any, for the above mentioned period even though executed after said above mentioned period relating to an alleged wiretap on the telephone line of Mrs. Marie Myszak which is referred to in this Court's Order of January 22, 1969."

 

On March 27, 1969, the trial court entered the following order:

"It is ORDERED that the Prosecuting Attorney, jointly with the Attorney for the Movant, John Paul Spica, Jr., inspect and examine all of the material described in this Court's Order of January 22, 1969, and, as further described in this Court's Order dated January 30, 1969, in the possession or under the control of the Prosecuting Attorney of St. Louis County, the St. Louis County Police Department, the Metropolitan Police Department of the City of St. Louis, and the Police Department of the Municipality of Normandy, St. Louis County, all in the State of Missouri; and,

"FURTHER ORDERED that the Prosecuting Attorney of St. Louis County, the Police Department of St. Louis County, the Metropolitan Police Department of the City of St. Louis, and the Police Department of Normandy, St. Louis County, Missouri, make all of said records above referred to available to said above named persons jointly;

"FURTHER ORDERED that any additional testimony in this proceeding will be received by the Court at a hearing to be held before the Court on Wednesday, April 23, 1969, commencing at 10:00 a. m., and any evidence resulting from the examination described above, if it is to be presented, must be presented at said hearing."

The State complied with all of said orders, extensive hearings were held, and nothing was uncovered to indicate that evidence "helpful to appellant in presenting his defense" was available to or suppressed by the State. The evidentiary hearings did reveal that Mrs. Myszak's telephone line was tapped. However, the hearings also demonstrated, as noted above, that disclosure of this fact would not have benefitted appellant at trial. Cf. State v. Warren, Mo.Sup., 447 S.W.2d 305.

Accordingly, the order of the trial court, denying appellant relief under S.Ct. Rule 27.26, is not "clearly erroneous." S.Ct. Rule 27.26(j), V.A.M.R.

The judgment is affirmed.

All of the Judges concur.