Burke, J. (dissenting).
The majority holds that wiretap evidence, obtained years ago in violation of existing law and inadmissible under the standards established by the Supreme Court, is now admissible at a trial in 1971. We believe that such a holding is clearly in conflict with the decisions of the United States Supreme Cour md, therefore, dissent and vote to reverse.
In Fuller v. Alaska (393 U. S. 80 [Oct., 1968]), the Supreme Court held ‘ ‘ that the exclusionary rule is to be applied only to trials in which the evidence is sought to be introduced after the date of our decision in Lee [v. Florida, 392 U. S. 378, June 17, 1968] ” (p. 81). The trial of defendant Feinlowitz commenced on May 22,1969, almost a year after Lee was decided. Inasmuch as Fuller was decided after the enactment (June 19, 1968) of the Safe Streets Act (U. S. Code, tit. 18, § 2510 et seq.), it is not for this court to say that the Supreme Court’s decision is no longer viable. Whether or not, in view of the Safe Streets Act, the Fuller holding was advisable is a question properly addressed to the Supreme Court of the United States. To put it another way, the question is simply not open to us. This case does not require a determination of the effect of subsequent legislation upon a Supreme Court decision. The Fuller case was decided after the Safe Streets Act had been enacted into law. We may not assume that the Supreme Court did not consider the applicability of its provisions.
Nor is an affirmance indicated by the Supreme Court’s later decision in Desist v. United States (394 U. S. 244). In that case the trial took place before Lee. In Desist, unlike Fuller (supra), the Supreme Court held that the prospectivity of Kate v. United States (389 U. S. 347) would be measured from the date of seizure, the result which the majority reaches herein. Although there is mention of the prospectivity of Lee, no change was made *187 in the specific holding of Fuller. Moreover, the reasoning which supported the Desist holding is inapposite herein. The date of seizure was selected because the exclusionary rule of Katz was not foreshadowed by the prior decisions, and it could not be said that the conduct was in knowing violation of constitutional requirements (Desist v. United States, supra, p. 254). On the contrary, the proscription of section 605 of the Federal Communications Act (U. S. Code, tit. 47, § 605) against interception of telephonic communications had been the law for many years prior to the Lee decision. Judicial integrity, the lack of enforcement of the Federal statute and the disrespect for the Federal statute sown by State officials (Lee v. Florida, supra, p. 385-386) impelled the decision. In view of Mapp v. Ohio (347 U. S. 643) and its progeny, this result was predictable.
The evidence in this case was not only illegally obtained, but illegally divulged by the police to the District Attorney, to the Grand Jury and to the trial jury. (Federal Communications Act, § 605.) Even under the majority reasoning a crime was committed. Under our law there are penal and civil remedies against the police and District Attorneys (People v. Defore, 242 N. Y. 13, 19, 24; Bivens v. Six Unknown Named Fed. Narcotics Agents, 403 U. S. 388).
In Silverthorne Lbr. Co. v. United States (251 U. S. 385, 392) the Supreme Court said: “ The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all.” (See Nardone v. United States, 308 U. S. 338; Benanti v. United States, 355 U. S. 96.) Lee made it clear that a change in public policy was effected, making all the judgments of the Supreme Court of the United States binding on the States, and gave notice to all State officials and courts.
Accordingly, we believe that the judgment should be reversed.
Judges Scileppi, Bergan, Breitel and Gibson concur with Judge Jasen; Judge Burke dissents and votes to reverse in a separate opinion in which Chief Judge Fuld concurs.
Judgment affirmed.