■ THE PEOPLE OF THE STATE OF NEW YORK v. GEORGE TRIEF et al.— Motion for reargument granted, and upon reargument, the order of this court entered on June 29, 1971 [37 A D 2d 553], be and the same hereby is vacated, and the order of the Supreme Court, New York County, entered on November 25, 1970, is unanimously reversed, on the law, the motion denied, and the matter remitted to BIRNS, J. for further proceedings consistent herewith. Without passing on the validity of the specific wiretap orders, defendant's motion to suppress was granted in the court below on the authority of *Fuller* v. *Alaska* (393 U. S. 80) and *Lee* v. *Florida* (392 U. S. 378). We affirmed on June 29, 1971. On July 7, 1971, subsequent to this court's affirmance, the Court of Appeals, in *People* v. *Feinlowitz* (29 N Y 2d 176) and *People* v. *Iannaccone* (29 N Y 2d 612) held that wiretap evidence obtained before *Lee* v. *Florida* (*supra*) was decided, is admissible in trials held after the date of that decision. The court held, in *Feinlowitz* (*supra*, pp. 181–182) as follows: " Hence, if the evidence was seized in a manner constitutionally permissible at the time of seizure, it will subsequently be allowed into evidence at the defendant's trial even though changing constitutional interpretations have since made a similar seizure impermissible." Since it has not yet done so, the court below should pass upon the validity of the specific wiretap orders in question, taking into account the affidavits upon which they were based and the procedure followed in obtaining them. Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and Tilzer, JJ.