POLITZ, Chief Judge,
dissenting:
I do not agree with the majority’s holding that the appropriate standard of review in this case is plain error. We review here a guilty plea. Whether a factual basis for the plea exists is viewed under the clearly erroneous standard[1] and must be determined in light of the law applicable at the time of the appeal.[2] For the reasons outlined in Briggs our review should focus on and be limited to the validity of the guilty plea.[3] Therefore I must conclude that the majority’s analysis is mistaken and improvident.
I reject out-of-hand the proposition, latent in the majority opinion, that this court may ignore the plight of one who is being punished for actions the highest court in this land have determined are not criminal.[4] We previously have stated that “[t]o deny a criminal defendant the ‘ benefit of a rule that clearly departed from well-settled law to the contrary, merely on the basis that he failed to make a futile and probably frivolous objection, does not accord with basic fairness.”[5] To now declare that this court may recognize a fundamental unfairness but opt to essentially ignore it renders a manifest injustice truly opprobrious.
I disagree with the majority on the merits of this appeal. Bailey clearly requires “active employment” of the firearm. In the case at bar, however, the firearm was exclusively the passive object of Ulloa’s actions. It cannot be gainsaid that one may “use” a firearm without “possessing” it at the moment of use, but I am persuaded beyond peradventure that there must be some showing that the defendant exercised actual dominion over or otherwise meaningfully manipulated the weapon. Absent such a showing, there is nothing more than a firearm present at a transaction involving illegal drugs, a circumstance that, without more, does not state an offense under section 924(c)(1).[6] I perceive a meaningful difference between bartering “with a firearm,” which Bailey and Smith expressly place within the ambit of section 924(c)(1), and bartering “for a firearm,” as is the situation presented herein.
I dissent.

. United States v. Briggs, 920 F.2d 287 (5th Cir.1991). See also United States v. Oberski, 734 F.2d 1030, 1031 (5th Cir.1984) (citations omitted) ("[t]his factual basis must appear in the record and must be sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal”). When a challenge to the factual basis of a guilty plea is made via a motion to withdraw that plea, the proper standard of review is abuse of discretion. United States v. Moore, 37 F.3d 169 (5th Cir.1994).

. Griffith v. Kentucky, 479 U.S. 314, 322, 107 S.Ct. 708, 712-13, 93 L.Ed.2d 649 (1987) ("failure to apply a newly declared constitutional rule to criminal cases pending on direct review violates basic norms of constitutional adjudication”).

. Briggs; Brooks v. United States, 424 F.2d 425 (5th Cir.1970). The appropriate remedy for an insufficient factual basis is to vacate the plea and remand for further proceedings. Briggs.

. This follows from a misapplication of the fourth of the Calverley factors, i.e., "upon a finding of [plain error] we have discretion to correct such forfeited errors if they ‘seriously affect the fairness, integrity, or public reputation of judicial proceedings.’" Manuscript at 5553 (emphasis in original), quoting United States v. Calverley, 37 F.3d 160, 163-64 (5th Cir.1996) (en banc).

. See United States v. Camacho, 86 F.3d 394 (5th Cir.1996); United States v. Fike, 82 F.3d 1315 (5th Cir.1996); United States v. Wilson, 77 F.3d 105 (5th Cir.1996).